
**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Ste. 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF GUAM

| | |
|---|---|
| GUAM POWER AUTHORITY,<br><br>Petitioner,<br><br>vs.<br><br>ATTORNEY GENERAL OF GUAM,<br><br>Respondent. | Civil Case No. 1:25-cv-00029<br><br>**Notice of Constitutional Challenge of a Federal Statute** |

Respondent, ATTORNEY GENERAL OF GUAM ("Attorney General)," hereby gives notice, pursuant to Rule 5.1(a)(1)(A) of the Federal Rules of Civil Procedure ("FRCP"), that the case styled *Guam Power Authority v. Attorney General of Guam*, Superior Court of Guam Case No. SP-0089-25 filed by Petitioner, GUAM POWER AUTHORITY ("GPA"), which was timely removed to this Court on June 17, 2025, draws into question the constitutionality of the Organic Act of Guam, 48 U.S.C. § 1421 *et. seq.*, an Act of Congress that serves as Guam's

constitution[1] and implicates the legality of federal funds received by Petitioner GPA. In support thereof Respondent shows:

1. On June 12, 2025 Petitioner GPA filed a Verified Petition for Writ of Mandate seeking the issuance of an Alternative Writ of Mandate compelling the Attorney General of Guam to remove himself from the review of GPA's procurements and to, further, "assign conflict-free counsel to review" to these procurements which Respondent Attorney General contends have been illegally sub-granted by the Consolidated Commission on Utilities ("CCU") to the GPA for the Mangilao Medical Campus Project ("MMC") funded by American Rescue Plan Act of 2021 (ARPA)[2]. *See GPA's Verified Petition for Writ of Mandate Complaint for Declaratory Judgment* Prayer for Relief, ¶ 1 at pp. 7 which is appended to *Respondent Attorney General of Guam's Notice of Removal* [ECF 1, Exhibit 2].

2. On June 17, 2025 Respondent Attorney General filed its Notice of Removal. [ECF 1]. It is attached hereto as **Exhibit A**. Respondent asserts federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441, and *Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005) on the grounds:

> "…that Petitioner's request to the Superior Court of Guam for the issuance of an alternative writ of mandate to compel the Attorney General to appoint conflict-free counsel to review certain GPA procurements "turns on substantial questions of federal law" and "implicate significant federal issues" related to whether GPA has impermissibly obligated or expended funds under [ARPA and SLFRF]. "
>
> "…that Petitioner's request to the Superior Court of Guam for the

---

[1] *Bardallo v. Baldwin*, 624 F.2d 932, 934 (9th Cir. 1980).

[2] *See* ARPA § 9901, Pub. L. 117-2, 135 Stat. 4 (2021) (amending 42 U.S.C. § 802(c)(1) (states, territories, and tribal governments) & 803 (c)(2) (local governments) (Social Security Act Title VI §§ 602 (c)(1) & 603 (c)(2)) and the rules promulgated by the Coronavirus State and Local Fiscal Recovery Funds ("SLFRF"), a program established to distribute ARPA funds.

> issuance of an alternative writ of mandate to compel the Attorney General to appoint conflict-free counsel to review certain GPA procurements violates the 1950 Organic Act of Guam (Title 48 USC Chapter 8A) in that the Consolidated Commission on Utilities ("CCU") impermissibly obligated and expended ARPA/SLFRF funds when it "authorized GPA's GM to sign a subgrant agreement with GEDA [footnote omitted] $35,448,983.87 in SLFRF monies to provide funding for the installation of electrical power infrastructure project in Mangilao,[3]"

*See* **Exhibit A** (emphasis supplied by counsel).

3. On July 8, 2025 Respondent Attorney General filed its Amended Notice of Removal. [ECF 4]. It is attached as **Exhibit B** without any attachments as they are already contained in the original Notice of Removal marked as **Exhibit A**. Respondent asserts an additional federal officer jurisdictional basis pursuant to 28 U.S.C. § 1442 on the grounds that the Attorney General of Guam is an officer created by Congress and a federal instrumentality under the Organic Act of Guam (48 U.S.C. Chapter 8A), and as such should be construed as an agency or officer for purposes of removal and/or a person acting under a United States agency of officer, in this case the United States Congress.
4. On July 17, 2025 Petitioner GPA filed its Motion to Remand. [ECF 7].
5. On July 24, 2025 Respondent Attorney General filed its Motion to Consolidate the instant case with *Government of Guam and Douglas B. Moylan, Attorney General of Guam v. Lourdes A, Leon Guerrero, Governor of Guam; and Guam Housing and Urban Authority*, D. Guam Case No. 1:24-CV-00029 (Dec. 20, 2024) on the grounds that both cases "turn on substantial questions of federal law" and "implicate significant federal

---

[3] *Petitioner's Memorandum of Points and Authorities in Support of GPA's Verified Petition for Writ of Mandate* at p. 4. Attached as Part of **Exhibit A**.

issues" related to whether the Governor and GPA have each impermissibly and illegally obligated or expended funds under ARPA and SLFRF relating to the same MMC project. [ECF 8]. The filing date of this lawsuit on June 12, 2025 on a matter relating to the same MMC project suggests Petitioner GPA's petition for issuance of a writ of mandate is intended to escape the Court's scrutiny in *Moylan v. Guerrero*[4]. It seeks the appointment of Inorganic and illegal Special Attorneys to give legal sanction to their illegal actions to spend ARPA/SFLRF monies in furtherance of the MMC project.

6. The Attorney General of Guam is an office created by the U.S. Congress within the 1950 Organic Act of Guam to be the Chief Legal Officer of the Government of Guam. 48 U.S.C. § 1421g(d)(1).

7. On information and belief, Petitioner GPA has never complied with FRCP Rule 5.1(a)(1)(B) by providing the United States Attorney General a copy of the Summons and Complaint and notifying that federal office that its action challenged the constitutionality of an Act of Congress.

8. Respondent Attorney General together herewith attaches as **Exhibit C** a true and correct copy of a letter addressed to United States Attorney General Pamela J. Bondi sent via Certified Mail Return Receipt Requested. In addition, Respondent Attorney General copied United States Attorney Shawn N. Anderson for the District of Guam and the Northern Marianas Islands.

9. Petitioner GPA's Verified Petition for Writ of Mandate draws into question the constitutionality of the Organic Act and does not "include the United States, one of its

---

[4] That action remains abated pending the scheduling of a hearing following full briefing on a motion to dismiss filed by the Governor and GHURA. The last brief was filed on March 25, 2025. [ECF 18].

agencies, or one of its officers or employees in an official capacity." *See* FRCP 5.1(a)(1)(A).

10. This Court is properly vested in original jurisdiction over the aforementioned Superior Court of Guam case because the remedies sought by Petitioner GPA directly implicate Federal Question jurisdiction as they call for the interpretation of the 1950 Organic Act of Guam (Title 48 U.S.C. Chapter 8A), a federal congressional act that serves as Guam's constitution. *See Guam v. Guerrero*, 290 F.3d 1210, 1216-1217 (9th Cir. 2002) ("While § 1421(b) might function as a constitution *Haeuser v. Dep't of Law*, 97 F.3d 1152, 1156 (9th Cir. 1996) ('*The Organic Act serves the function of a constitution for Guam.'), it remains quite unlike a constitution of a sovereign State. Guam is a federal instrumentality, enjoying only those rights conferred to it by Congress, and its 'Bill of Rights' is a federal statute. Not even a sovereign State may interpret a federal statute or constitutional provision in a way contrary to the interpretation given it by the U.S. Supreme Court.*"). Accordingly, Federal Question jurisdiction is properly vested in this Court.

11. The Attorney General's Office is a creation of the 1950 Organic Act of Guam (Title 48 U.S.C. Chapter 8A*).* *See* 48 U.S.C. § 1421g(d)(1) ("*The Attorney General of Guam shall be the Chief Legal Office of the Government of Guam*."). This provision when read in *pari materia* with *Guam v. Guerrero*, 290 F.3d 1210, 1216-1217 (9th Cir. 2002), can lead to no other conclusion but that the Attorney General of Guam's Office, just like the Office of the Governor of Guam, are federal instrumentalities. This provision allows for the democratic election of the Attorney General of Guam, which the Guam Legislature codified, thus enfranchising the voters of Guam. *See* 5 G.C.A. § 30101

(establishment of the elected Office of the Attorney General).[5]

12. Respondent GPA's requests for relief constitute an unconstitutional attempt to amend an Act of Congress. The United States must intervene in this matter to avert this attempt to amend the structure of the U.S. territorial government of Guam and the delicate balance of power intended by the U.S. Government and codified in the U.S. Congress' 1950 Organic Act of Guam. This will occur to the detriment of United States' interests if the judiciary grants the Governor's unconstitutional request for relief by ignoring clear language respecting the powers and duties of an Attorney General, and how such an officer may be lawfully removed; and, further, by granting the Governor a power that has never been granted under any federal or local governing statute.

13. Neither federal nor local Guam law authorizes any of the relief sought by Petitioner GPA. Title 5 Guam Code Annotated § 30101(c) expressly delineates that an Attorney General of Guam may only be removed "*in the same manner as provided under the Organic Act of Guam for the removal of the [Governor]*." 48 U.S.C. § 1421g provides that the "*Attorney General may be removed by the people of Guam…. or may be removed for cause in accordance with procedures established by the legislature in law.*" *48 U.S.C. § 1422(b) provides that a Governor* "*may be removed from office by referendum election …. In favor of a recall.*" Read together, these fundamental laws expressly provide for the *exclusive* remedy by the U.S. Congress of removal by means of recall. Accordingly, the relief sought by Petitioner GPA constitutes a serious

[5] The Attorney General is the Chief Legal Office for the Government of Guam precisely because that office operates as a check and balance on the other branches of government. The drafters of the Organic Act of Guam were so concerned with ethical governance that they also established the Office of the Public Prosecutor and the Office of the Public Auditor to scrutinize Government operations and root out corruption. 48 § U.S.C. 1421g(c). The Governor's proposed relief ignores those legitimate concerns.

constitutional challenge to the U.S. Congress' 1950 Organic Act of Guam, a federal act, and, as such the United States should intervene in this case.

14. As required by 28 U.S.C.A. § 2403, this Court must now certify Petitioner GPA's challenge to the constitutionality of multiple provisions in the Guam Organic Act of 1950 respecting the powers and duties of the offices of Governor and Attorney General. *Id.* (*…wherein the constitutionality of any Act of Congress affecting the public interest is drawn in question, the court shall certify such fact to the Attorney General, and shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. The United States shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality."*).

**Respectfully submitted**, this 5th day of August 2025.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

W. Lyle Stamps
**WILLIAM LYLE STAMPS**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**MARIANNE WOLOSCHUK**
Gloria B. Nelson, Public Service Bldg.
688 Route 15, Fadian
Mangilao, Guam 96913
Tel: (671) 648-3227
Fax: (671) 648-3290
E-Mail: mwoloschuk@gpagwa.com
Counsel for Petitioner Guam Power Authority

I further certify that the foregoing was served upon the United States Attorney General by mailing a copy thereof to the address indicated below with the proper postage attached and deposited in an official depository under the exclusive care and custody of the United States Postal Service.

**HON. SHAWN N. ANDERSON**
United States Attorney
District of Guam and the Northern Mariana Islands
Sirena Plaza
108 Hernan Plaza, Suite 500
*Hagåtña*, Guam 96910
Office: (671) 472-7332
Fax: (671) 472-7334

<u>Served Via Certified Mail</u>:
The Honorable Pamela J. Bondi
United States Attorney General
US Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

W. Lyle Stamps
**WILLIAM LYLE STAMPS**
Assistant Attorney General