# EXHIBIT B



**Douglas B. Moylan**
**Attorney General of Guam**
Office of the Attorney General
Civil Division
134 W. Soledad Avenue, Ste. 302
Bank of Hawaii Building, 3rd Floor Suite 301
Hagåtña, Guam 96910 • USA
671-475-3324 • 671-475-3390 (fax)
prosecution@oagguam.org • www.oagguam.org

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | | |
|---|---|---|
| GUAM POWER AUTHORITY, | ) | Civil Case No. 1:25-cv-00029 |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | |
| ATTORNEY GENERAL OF GUAM, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## RESPONDENT ATTORNEY GENERAL OF GUAM'S
## <u>AMENDED NOTICE OF REMOVAL</u>

TO:     THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF GUAM;

HON. DANA A. GUTIERREZ
Judge, Superior Court of Guam
Hagåtña, Guam; and

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **1** of **7**
*Respondent's Amended Notice of Removal*
District Court of Guam Case No. 1:25-cv-00029

Case 1:25-cv-00029   Document 42   Filed 07/08/25   Page 2 of 8

MARIANNE WOLOSCHUK
Legal Counsel
Guam Power Authority, Gloria B. Nelson, Public Service Bldg.
688 Route 15, Fadian, Mangilao, Guam 96913
Ph: (671) 300-6848 / Fax: (671) 648-3290
E-Mail: mwoloschuk@gpagwa.com


PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, 1442 and 1446, and FRCP 15(a)(1)(A) Respondent Attorney General of Guam ("Attorney General"), hereby files this timely[1] Amended Notice of Removal which adds an additional jurisdictional basis to the Notice of Removal filed in this Court on June 17, 2025 removing the entire case styled *Guam Power Authority v. Attorney General of Guam*, Case No. SP-0089-25 filed by Petitioner Guam Power Authority ("GPA") to the United States District Court for the District of Guam based on the following grounds:

1.      This action is removable to the United States District Court under 28 U.S.C. §§ 1331 and 1441 on the grounds that Petitioner's request to the Superior Court of Guam for the issuance of an alternative writ of mandate to compel the Attorney General to appoint conflict-free counsel to review certain GPA procurements "turns on substantial questions of federal law" and "implicate significant federal issues" related to whether GPA has impermissibly obligated or expended funds under the American Rescue Plan Act of 2021 (ARPA). *See* ARPA § 9901, Pub. L. 117-2, 135 Stat. 4 (2021) (amending 42 U.S.C. § 802(c)(1) (states, territories,

---

[1] This Amended Notice of Removal is timely filed within 30 days of June 12, 2025, the date Respondent received the Verified Petition. "Ordinarily, 'the notice of removal required by [28 U.S.C. § 1446(b)] may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal.' *Hester v. Horowitz*, No. CV 17-00014 LEK-KSC, 2017 WL 1536401, at *3 (D. Haw. Apr. 28, 2017) (other citation omitted) (quoting 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Pocket Part by the Late Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Joan E. Steinman, Fed. Prac. & Proc. Juris § 3722." *U.S. Bank Trust, N.A. for LSF8 Master Participation Trust v. Fonoti*, 2018 WL 3433295, *7 (D. Haw. June 29, 2018).

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **2** of **7**
*Respondent's Amended Notice of Removal*
District Court of Guam Case No. 1:25-cv-00029

and tribal governments) & 803 (c)(2) (local governments) (Social Security Act Title VI §§ 602 (c)(1) & 603 (c)(2)) and the rules promulgated by the Coronavirus State and Local Fiscal Recovery Funds ("SLFRF"), a program established to distribute ARPA funds. *See Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005).

2.      This action is also removable to the United States District Court under 28 U.S.C. §§ 1331 and 1441 on the grounds that Petitioner's request to the Superior Court of Guam for the issuance of an alternative writ of mandate to compel the Attorney General to appoint conflict-free counsel to review certain GPA procurements violates the 1950 Organic Act of Guam (Title 48 USC Chapter 8A) in that  the Consolidated Commission on Utilities ("CCU") impermissibly obligated and expended ARPA/SLFRF funds when it "authorized GPA's GM to sign a subgrant agreement with GEDA [footnote omitted] $35,448,983.87 in SLFRF monies to provide funding for the installation of electrical power infrastructure project in Mangilao,[2]" in that Petitioner GPA lacks standing to sue in violation of said federal law governing this territory.

3.      Further, the CCU controls Petitioner GPA.   According to the Attorney General's Opinion dated October 6, 2023, a copy of which is attached hereto as **Exhibit "C,"** the CCU is an illegal body that "deprives the Governor of Guam … of the Governor's Organic Act authority to supervise the government and to appoint the heads of executive branch agencies as part of the Governor's cabinet." *Id.* at p. 1. In addition, the design of the U.S. Congress on how the structure of government has been undermined for this U.S. Territory, thereby also depriving the U.S. Citizens of Guam the benefits of that structural design of

---

[2] *Petitioner's Memorandum of Points and Authorities in Support of GPA's Verified Petition for Writ of Mandate* at p. 4. Attached as Part of Exhibit A.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **3** of **7**
*Respondent's Amended Notice of Removal*
District Court of Guam Case No. 1:25-cv-00029

governance.  Accordingly, Petitioner GPA lacks standing to sue in violation of federal law governing this territory.

4.      Alternatively, this action is also removable under 28 U.S.C. § 1442, where the Attorney General of Guam is an officer created by the U.S. Congress and a federal instrumentality under the Organic Act of Guam (48 U.S.C. Chapter 8A), which should be construed as an agency or officer for purposes of removal and/or a person acting under a United States agency of officer, in this case the United States Congress.  The position of Attorney General of Guam was not created by the Legislature of Guam, and is critical to the structural design of government by the U.S. Congress.  In this instance, the Attorney General of Guam is being sued for actions taken under color of office under the Organic Act of Guam, namely acting as "the Chief Legal Officer of the Government of Guam."  48 U.S.C. § 1421g(d)(1). The Governor is suing the Attorney General because he is doing "what he was asked to do by the government," namely, acting as the Chief Legal Officer of the Government of Guam.  *See Amancio v. DePerry*, 654 F. Supp. 3d 145 (D. Conn. 2023). Indeed, the Attorney General is acting on, and being sued by the Governor, "on account of [his] right, title or authority claimed under any Act of Congress." 28 U.S.C. § 1442(a)(1). Congress determined that "the Attorney General may be removed by the people of Guam according to the procedures specified in Section 1422d of this title or may be removed for cause in accordance with procedures established by the legislature [of Guam] in law."  48 U.S.C. § 1421g(d)(1).  Nevertheless, the Governor has filed the instant proceeding seeking to *de facto* remove the Attorney General from office in violation of the Organic Act of Guam. Notably, the U.S. Congress through enacting the 1950 Organic Act of Guam, as amended, neither provided for nor authorized for the Governor to appoint Special Assistant Attorney

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **4** of **7**
*Respondent's Amended Notice of Removal*
District Court of Guam Case No. 1:25-cv-00029

Case 1:25-cv-00029   Document 42   Filed 07/08/25   Page 4 of 8

Generals, or special investigators or special prosecutors to replace this federally-created and empowered office. *See Venezia v. Robinson*, 16 F.3d 209 (7th Cir. 1994); *Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482 (1st Cir. 1989); *Clio Convalescent Center v. Michigan Dept. of Consumer and Industry Services*, 66 F. Supp. 2d 875 (E.D. Mich. 1999); *Swan v. Community Relations-Social Development Commission*, 374 F. Supp. 9 (E.D. Wis. 1974); *Allen v. Allen*, 291 F. Supp. 312 (S.D. Iowa 1968); *People of State of Colo. v. Maxwell*, 125 F. Supp. 18 (D. Colo. 1954); *West v. Prudential Ins. Co. of America*, 34 F.2d 449 (W.D. Mo. 1929); *Wynn v. Baker*, 23 F.2d 530 (M.D. Ala. 1927).

5.      In its Memorandum of Points and Authorities in Support of GPA's Verified Petition for Writ of Mandate, Petitioner states:

> "The Governor obligated some $104.5 million in SLFRF funds to the establishment of a new Mangilao Medical Campus (MMC) on three adjoining parcels of land, two acquired by condemnation[3], and the third purchased outright by the Guam Housing and Urban Renewal Authority (GHURA).[4]"

*Id.* at p. 2.

6.      Respondent agrees with Petitioner that the Superior Court case directly relates to *Government of Guam; Douglas B. Moylan v. Lourdes A. Leon Guerrero; Guam Housing and Urban Renewal Authority*, District Court of Guam Case No. 1:24-CV-00029 (filed Dec. 20, 2024) which involves the legality of the use of the ARPA/SLFRF funds on MMC project. Accordingly, the removal of this action is absolutely necessary to conserve judicial resources,

---

[3] "These two parcels are currently the subject of an eminent domain lawsuit in *GHURA v. 169,795 Square Meters of Land*, Superior Court of Guam Case No. CV0692-24 (filed Dec. 18, 2024)."
[4] "The latter parcel is currently the subject of a lawsuit by the Attorney General alleging improprieties in the sale, *Moylan v. Leon Guerrero*, District Court of Guam Case No. 1:24-CV-00029 (filed Dec. 20, 2024). The Governor's motion to dismiss has been fully briefed by the parties and the district court is expected to hear the matter soon."
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **5** of **7**
*Respondent's Amended Notice of Removal*
District Court of Guam Case No. 1:25-cv-00029

promote efficiency, and avoid the possibility of conflicting decisions on the same subject matter.

7.      Federal question jurisdiction lies in this Court because those ARPA/SLFRF funds, which are the subject of the litigation pending in this Court already (District Court of Guam Case No. 1:24-CV-00029), could potentially be "*clawed back*" by the U.S. Government if the Government of Guam and sub-recipients like Petitioner GPA obligated or expended those funds impermissibly.  Injury to the Territorial Government and the People of Guam would ensue for being required to repay illegally spent federal funds, which were not duly appropriated by the Legislature of Guam.  On March 25, 2025, the United States Department of the Treasury published a notice entitled "Notice to Recipients of Coronavirus State and Local Fiscal Recovery Funds – U.S. Department of Treasury – Compliance Reviews and Related Recoupment Efforts," which reads, in part:

> "Through this notice, the U.S. Department of Treasury (Treasury) is informing recipients of … (SLFRF) awards that the Treasury intends to vigorously monitor recipients' methods of obligating funds by the December 31, 2024, deadline. Treasury is committed to recouping funds that recipient obligated or expended impermissibly, as well as to recapturing funds that they did not obligate by the deadline. … If the recipient does not repay the amount owed by the specified date, Treasury will establish a debt and follow standard debt collection policy and procedures in coordination with Treasury's Bureau of the Fiscal Service. Interest and penalties will accrue once the debt is established."

This US Treasury notice is attached hereto as **Exhibit "B."**

8.      Pursuant to 28 U.S.C. § 1446(b), this Amended Notice of Removal is filed within thirty days of June 12, 2025, the date on which Respondent received the Verified Petition.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **6** of **7**
*Respondent's Amended Notice of Removal*
District Court of Guam Case No. 1:25-cv-00029

9.      Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit "A"** are the copies of the following documents: all process, pleadings and orders received by Respondent in this action.

10.      A copy of this Amended Notice of Removal is being filed with the Clerk of the Superior Court of Guam, and another copy is being served upon the Petitioner through its counsel of record, in accordance with law.

<div align="center">

**PRAYER**

</div>

**WHEREFORE,** Respondent respectfully requests that the above-described civil action pending before the Superior Court of Guam be removed to the United States District Court for the District of Guam, and that this Court assume full jurisdiction over the matter as provided by law.

**Respectfully submitted** this 8th day of July, 2025.

OFFICE OF THE ATTORNEY GENERAL
Douglas B. Moylan, Attorney General of Guam

*W. Lyle Stamps*
_____
**W. LYLE STAMPS**
Assistant Attorney General

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **7** of **7**
*Respondent's Amended Notice of Removal*
District Court of Guam Case No. 1:25-cv-00029

Case 1:25-cv-00029   Document 42   Filed 07/08/25   Page 78 of 78