# EXHIBIT C



August 5, 2025

Sent Via U.S. Mail
<u>Certified Mail/Return Receipt Requested</u>

**The Honorable Pamela J. Bondi**
United States Attorney General
US Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

    Re:    **Guam Power Authority v. Attorney General of Guam**
            **U.S. District Court for the District of Guam Case No. 25-CV-00029**
            **Urgent Request for United States to Intervene in District Court Case**
            **Challenging the Organic Act of Guam, 48 U.S.C. § 1421 *et. seq.*,**

Dear Attorney General Bondi:

      Pursuant to Rule 5.1(a)(1)(A) of the Federal Rules of Civil Procedure, enclosed please find a copy of the Verified Petition for Writ of Mandate filed by Petitioner Guam Power Authority in *Guam Power Authority v. Attorney General of Guam*, Superior Court Case No. SP0089-25 challenging the constitutionality of the Organic Act of Guam, 48 U.S.C. § 1421 *et. seq.*, an Act of Congress that serves as Guam's constitution[1]. This entity seeks to compel the removal of the democratically-elected Attorney General of Guam from the review of its procurements relating to a project funded by American Rescue Plan Act of 2021 (ARPA)[2]. The Attorney General timely removed this case to the U.S. District Court of Guam.

      This entity seeks relief that would impermissibly amend an Act of Congress by removing an elected Attorney General of Guam and having the local courts name a surrogate, when no laws exist for such type direct or indirect removal. This relief is patently unconstitutional. If the United States does not <u>urgently</u> intervene now in the

---

[1] *Bardallo v. Baldwin*, 624 F.2d 932, 934 (9th Cir. 1980).
[2] *See* ARPA § 9901, Pub. L. 117-2, 135 Stat. 4 (2021) (amending 42 U.S.C. § 802(c)(1) (states, territories, and tribal governments) & 803 (c)(2) (local governments) (Social Security Act Title VI §§ 602 (c)(1) & 603 (c)(2)) and the rules promulgated by the Coronavirus State and Local Fiscal Recovery Funds ("SLFRF"), a program established to distribute ARPA funds.

**Office of the Attorney General**
Douglas B. Moylan · Attorney General of Guam

134 W Soledad Avenue · *Hagåtña*, Guam 96910 · USA
671-475-3324 · 671-477-4703 (fax) · dbmoylan@oagguam.org · www.guamattorneygeneral.org
"Guam's Toughest Law Enforcers"

above-named U.S. District Court case, as permitted by law, it will erode the U.S. Congress' oversight and structure[3] of the territory of Guam.

The drafters of the Organic Act expressly established and designated the Attorney General of Guam as the Chief Legal Officer of the Government of Guam. 48 U.S.C. § 1421g(d)(1). Subsequently the Legislature of Guam, as authorized by the Act, made the post an elected office and specified that any such officer may, just like the Governor, be removed only through the exclusive remedy of a recall. 5 GCA § 30301(c); *see* 48 U.S.C. § 1422a(b) (Governor may be removed by recall.). If successful in obtaining the relief it seeks, this entity would effectively disenfranchise the voters of Guam who democratically voted in 2023 for the current Attorney General in violation of the 15th Amendment of the United States Constitution. *See* 48 U.S.C. § 1421b(u) (Congress expressly extended the 15th Amendment to Guam.). It would also frustrate Congress' design for the governmental structure for this U.S. Territory.

Only Congress may amend 48 U.S.C. § 1421 *et. seq.* The Verified Petition for Writ of Mandate seeks to unconstitutionally amend the delicate balance of power and duties established by Congress. If left unchecked, the interests of the United States will be detrimentally affected to the extent the Chief Legal Officer will no longer act as a *check and balance* against territorial government corruption by government officials. Far from a local territorial matter, the dilution of the objective and impartial enforcement of laws will affect the 35,000 United States military personnel and their dependents who reside in Guam in 2025. That number is projected to increase to 44,000 by 2037. For the foregoing reasons, the Attorney General and his client, the People of Guam and U.S. citizens residing on Guam, urge the United States to intervene in the above-named U.S. District Court case.

Respectfully,

*[signature]*

Douglas B. Moylan
Attorney General of Guam

cc: Hon. Shawn N. Anderson, U.S. Attorney
Hon. Doug Burgum, U.S. Secretary of the Interior
Hon. Pete Hegseth, U.S. Secretary of Defense

---

[3] 48 U.S.C. § 1421a ("...*The Government of Guam shall consist of three branches, executive, legislative and judicial, and its relations with the Federal Government in all matters not the program responsibility of another Federal department or agency, shall be under general administrative supervision of the Secretary of Interior.*"); See Take Care Insurance Company, Inc. v. Birn, 2021 WL 2327051, *10. ("In regards to whether the constitutional issue should better be left for the local judiciary to decide, the Court recognizes that the Territory of Guam is distinctive in that it is not governed by its own constitution; rather, the Territory is governed by the Guam Organic Act of 1950 passed by Congress that serves as Guam's *de facto* constitution ... See 48 U.S.C. § 1421 *et seq.*; see also *Bardallo v. Baldwin*, 624 F.2d 832, 934 (9th Cir. 1980) ... Thus, the law surrounding separation of powers and the nondelegation doctrine for Guam undisputedly arises from federal law – to which the district court of Guam has original jurisdiction over. 48 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."))" *Id.*