

**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Ste. 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | | |
|---|---|---|
| GUAM POWER AUTHORITY, | ) | Civil Case No. 1:25-cv-00029 |
| | ) | |
| Petitioner, | ) | |
| | ) | **Respondent's Motion to Strike** |
| vs. | ) | **and Memorandum of Law** |
| | ) | |
| ATTORNEY GENERAL OF GUAM, | ) | **(Fed.R.Civ.P. 12(f))** |
| | ) | |
| Respondent. | ) | |

Respondent, ATTORNEY GENERAL OF GUAM ("Attorney General)," hereby moves, pursuant to Federal Rule of Civil Procedure 12(f) to strike certain allegations contained in Petitioner Guam Power Authority ("GPA")'s Memorandum of Points and Authorities in Support of Motion to Remand [ECF 7-1] and in GPA's Verified Petition for Writ of Mandate [ECF 1-2], and as grounds therefore, states:

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

# I.

# INTRODUCTION

On June 17, 2025 Petitioner GPA filed a Memorandum of Points and Authorities in Support of Motion to Remand [ECF 7-1] that contains factual allegations unsupported by declarations as required by CVLR 7(b). If Petitioner GPA were to rely upon its Verified Petition for Writ of Mandate [ECF 1-2] to satisfy the verification requirements under CVLR 7(b) for "facts not appearing of record," that argument would fail. The Verified Petition contains alleged statements made by Respondent Attorney General to *Pacific Daily News* Reporter Joe Taitano II in articles published in editions of the *Pacific Daily News* on March 4, 2025 and April 21, 2025 to which John M. Benevente, P.E., GPA's General Manager, did not have personal knowledge and for which he could not have attested as true and correct under penalty of perjury. [ECF 1-2, ¶ 10, p. 3, lines 18-21 and ¶ 19, p. 5, lines 7-11]. GPA failed to append a declaration from Reporter Joe Taitano II. Additional factual allegations in the Memorandum of Law lack support when compared to the Verified Petition. Respondent Attorney General has identified below all the unsupported factual allegations below. Accordingly, we urge this Court to strike these allegations pursuant to Fed. R. Civ. P. 12(f).

# II.

# UNSUPPORTED FACTUAL ALLEGATIONS

Petitioner GPA failed to append declarations to support the factual allegations contained in its unverified Memorandum of Law [ECF 7-1]. Further, the factual allegations do not match the facts verified by John M. Benevente, P.E., GPA's General Manager, in GPA's Verified[1] Petitioner for Writ of Mandate [ECF 1-2]. Further still, Mr. Benevente's attestation to alleged statements made by Respondent Attorney General lack evidentiary foundation and could not, notwithstanding the execution of the verified pleading, have been based upon personal knowledge. All the following statements lack the proper evidentiary foundation under CVLR 7(b), Federal Rules of Evidence 602, and Guam Rules of Evidence 602 to be considered by this Court in its consideration of the Motion to Remand [ECF 7]:

| # | Factual Allegations Contained in GPA's Memorandum of Law [ECF 7-1]<br><br>Factual Allegations Contained in Verified Petition for Writ of Mandate [ECF 1-2] | Lack of Evidentiary Foundation |
|---|---|---|
| 1 | "The project will be paid *for with a portion of Guam's share of federal grant monies from the American Rescue Plan Act (ARPA) Coronavirus State and Local Fiscal Recovery Funds (SLFRF)."* [ECF 7-1, p. 2] | No analogous paragraph appears in Verified Petition indicating that the project is partially funded by ARPA/SLFRF funds. |
| 2 | "Upon learning of these plans, *the Attorney General went on the record publicly* as | The statements in the Memorandum of Law, to wit: "opposed to the project" and |

---

[1] The attestation used by Petitioner GPA, to wit: "[I]*, the General Manager of the Guam Power Authority and its duly authorized representative in the above-entitled matter, declare under penalty of perjury that I have read the foregoing verified petition for writ of mandate, that I know the contents thereof, and the same is true and correct to the best of my knowledge, except as to those matters which are therein stated on information and belief, and as to those matters I believe them to be true*." {ECF 1-2, pp. 22-23], does not meet the personal knowledge evidentiary requirements under Federal Rule of Evidence 602.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **3** of **8**
*Respondent's Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029     Document 10     Filed 08/07/25     Page 3 of 8

| | | | |
|---|---|---|---|
| 1 2 3 4 5 6 7 8 9 10 | | being opposed to the project. *He made repeated statements to the press voicing his opposition to it*." [ECF 7-1, p. 2]

"10. On March 4, 2025, the Pacific Daily News reported that Attorney General Moylan called the MMC an "illegal" project and "promised not to approve any contract for the construction of the new [MMC] hospital." [ECF 1-2, ¶ 10, p. 3, lines 18-21][2]

"19. On April 21, 2025, the Pacific Daily News reported that Attorney General Moylan advised governmental employees involved in the "illegal" MMC infrastructure project should contact the OAG "for guidance."" [ECF 1-2, ¶ 19, p. 5, lines 7-11] | "opposition to it" lack evidentiary foundation as no one competent to make such assertion based on eyewitness account has executed a declaration to support these assertions. In fact, the two articles included in the Verified Petition do not include any such quotes ascribed to Respondent Attorney General. Lastly, these articles themselves cannot be considered as Mr. Benevente is not competent to attest to the truth of the statements. He cannot put himself in the shoes of Reporter Joe Taitano II. |
| 11 12 13 14 15 16 | 3 | "*Due to the Attorney General's conflict of interest from having formed an opinion* that would prevent him from conducting a dispassionate review of GPA's MMC procurement, GPA asked the Attorney General to appoint conflict-free counsel to represent GPA in section 5150 review." [ECF 7-1, p. 2] | This statement in the Memorandum of Law has no support in the Verified Petition as Mr. Benevente makes no assertion that this motivated GPA to request the appointment of conflict-free counsel. Assuming arguendo that the Attorney General had an opinion on the matter – that is precisely his role under 5 GCA § 5150, namely, to review for form and to advise on the legality of the procurement. Furthermore, the statement of the Attorney General to a member of |

---

[2] This article only contains a handful of verbatim quotes attributed to Respondent Attorney General, none of which Petitioner GPA cites in their pleadings; all of which exculpate him from having pre-judged the project; and all of which show he took a principled objective approach albeit signaling some legal reservations on the legality of the project's structure. These are the quotes: (a) "*They will assume the consequences of the law if in fact they are breaking them*;" (b) "*When any certifying officer receives a notice from an attorney general that's empowered and elected by the people of Guam that an act is illegal, they better look twice*;" (c) Moylan said the utilities' advice from their own attorneys "*does not obviate them from the importance and significance of an attorney general opinion saying it's illegal*;" (d) "*If they continue to proceed, and the people of Guam are hurt with the loss of money, millions of dollars. They're not just going to walk away from this*."

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **4** of **8**
*Respondent's Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 10   Filed 08/07/25   Page 4 of 8

| | | |
|---|---|---|
| | | the press should not be construed as legal advice and/or as binding and is subject to change upon a complete review of the law and the facts. |
| 4 | "Referencing the Organic Act does not turn GPA's writ action into a matter of federal question jurisdiction. Further, the CCU did not obligate the SLFRF funds; the Governor did. The CCU did not expend the funds; the funds remain unspent." [ECF 7-1, p. 7]<br><br>"Further, GPA did not obligate the SLRFRF funds; the Governor did. GPA did not expend the funds; the funds remain unspent." [ECF 7-1, p. 8] | These bold statements enjoy no support in the Verified Petition and are otherwise unsupported by declarations from other parties. In the Verified Petition, Mr. Benevente makes no assertion absolving CCU and GPA from any responsibility in obligating or expending the ARPA/SLFRF funds. The statement seems to place the blame on the Governor, who GPA implicitly suggests should be joined as an indispensable party under Fed. R. Civ. P. 19. In fact, the Attorney General has moved to consolidate this action with the action pending against the Governor, and to file an amended complaint including these same issues, at 24-cv-00029 before this Honorable Court. |

## III.

## MEMORANDUM OF LAW

"Under Rule 12(f), the court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter ... on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.' Fed. R. Civ. P. 12(f)(2)." *Igarashi v. H.I.S. Guam, Inc.,* 2023 WL 1779830 *2 (D. Guam 2023); *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) ("*a motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.*").

Petitioner GPA filed its Memorandum of Points and Authorities in Support of Motion to Remand [ECF 7-1] on July 17, 2025 and, therefore, Respondent Attorney General urges this

Court to grant our timely motion to strike the unsupported factual allegations contained in GPA's pleading. To the extent the Memorandum of Law builds on the factual allegations contained in the Verified Petition for Writ of Mandate [ECF 1-2], unsupported factual allegations in that pleading must be stricken as well.

CVLR 7(b) plainly states that "[i]f a motion, response or reply requires consideration of facts not appearing of record, the movant or opponent shall also serve and file copies of all affidavits, <u>declarations</u>, photographic or other evidence presented in support of or in opposition to the motion." The factual allegations violate this Court's rules and should properly be struck.

Petitioner GPA seeks to wrest from Respondent Attorney General his statutory duty under 5 GCA § 5150 to review all procurements over $500,000 for form and legality by seeking the assignment of "conflict-free counsel" simply because it disagrees with his legal opinion on the legality of the project as structured. Petitioner's position is legally flawed. *See State of Cal. v. Settle*, 708 F.2d 1380, 1384-1385 (9th Cir. 1983) ("Mandamus may not be used to force the exercise of discretion in a particular way. *Wilbur v. United States*, 281 U.S. 206, 218-219, 50 S.Ct. 320, 324, 74 L.Ed. 809 (1930). Where the "duty" alleged involves agency expertise on an issue of judgment and choice, the matter is left to the agency's informed discretion, and is not subject to mandamus. *Panama Canal Co. v. Grace Line, Inc.,* 356 U.S. 309, 317-318, 78 S.Ct. 752, 757-58, 2 L.Ed.2d 788 (1958)"). Petitioner presumes to believe that it knows the nuances of federal and Guam law better than the Attorney General who is specifically designated by the Organic Act of Guam to be the Chief Legal Officer of the Government of Guam. 48 U.S.C. § 1421g(d)(1). 5 GCA § 5150 review is not a ministerial task, but a duty involving legal expertise and hence is not subject to mandamus.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **6** of **8**
*Respondent's Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 10   Filed 08/07/25   Page 6 of 8

The factual allegations identified above lack the requisite personal knowledge required by Federal Rule of Evidence 602,[3] as well as Guam Rules of Evidence 602[4], for this Court to properly consider in deciding Petitioner GPA's Motion to Remand. CVLR 7(b) clearly requires declarations where the motion rests on "facts not appearing of record." For example, in the context of a Motion for Summary Judgment, a movant under Federal Rules of Civil Procedure 56(c)(4)[5] requires that declarations be based upon personal knowledge. Petitioner GPA "misfires on all cylinders here" and, as such, this Honorable Court must strike the above allegations from any further consideration in this case.

## CONCLUSION

WHEREFORE, based on the arguments made above, Respondent ATTORNEY GENERAL OF GUAM, respectfully requests that this Honorable Court strike the improper allegations identified above.

**Respectfully submitted**, this 7th day of August 2025.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam



**WILLIAM LYLE STAMPS**
Assistant Attorney General

---

[3] "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."

[4] "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the witness' own testimony."

[5] "(4) *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **7** of **8**
*Respondent's Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 10   Filed 08/07/25   Page 7 of 8

# CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**MARIANNE WOLOSCHUK**
Gloria B. Nelson, Public Service Bldg.
688 Route 15, Fadian
Mangilao, Guam 96913
Tel: (671) 648-3227
Fax: (671) 648-3290
E-Mail: mwoloschuk@gpagwa.com
Counsel for Petitioner Guam Power Authority

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*W. Lyle Stamps*
**WILLIAM LYLE STAMPS**
Assistant Attorney General