

**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Ste. 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | | |
|---|---|---|
| GUAM POWER AUTHORITY, | ) | Civil Case No. 1:25-cv-00029 |
| Petitioner, | ) | |
| vs. | ) | **Attorney General of Guam's Response to Motion to Remand** |
| ATTORNEY GENERAL OF GUAM, | ) | |
| Respondent. | ) | **(28 U.S.C. § 1447(c))** |

Respondent, ATTORNEY GENERAL OF GUAM ("Attorney General)," by and through undersigned counsel and pursuant to 28 U.S.C. § 1447 and CVLR 7 hereby files his Response to Petitioner Guam Power Authority ("GPA")'s Motion to Remand[1] [ECF 7] urging this Court to deny GPA's motion as the relief requested in the underlying Verified Petition for Writ of Mandate [ECF 1-2] "necessarily depends on [the] resolution of a substantial question of

---
[1] Respondent Attorney General has filed a Motion to Strike [ECF 10] certain allegations contained in Petitioner Guam Power Authority ("GPA")'s Memorandum of Points and Authorities in Support of Motion to Remand [ECF 7-1] and in GPA's Verified Petition for Writ of Mandate [ECF 1-2] for failing to append declarations from competent witnesses who could attest on personal knowledge the truth of certain "facts not appearing on record" as required by CVLR 7(b) and Federal Rule of Evidence 406.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **1** of **12**
*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00029

federal law[,][2]" thereby vesting this Court with Federal Question jurisdiction under 28 U.S.C. §§ 1331 and 1441, and *Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005), and Federal Officer jurisdiction under 28 U.S.C. § 1442; and as grounds therefore, Respondent states:

## I.

## INTRODUCTION

On June 17, 2025 Petitioner GPA filed a Motion to Remand [ECF 7] and a Memorandum of Points and Authorities in Support of Motion to Remand [ECF 7-1]. Petitioner GPA seeks to wrest from Respondent Attorney General of Guam his statutory duty as the Chief Legal Officer of the Government of Guam under the U.S. Congress' 1950 Organic Act of Guam. 48 U.S.C. § 1421g(d)(1). One of those duties under 5 GCA § 5150 is to review all procurements over $500,000 for both form and legality. Petitioner now seeks the assignment of allegedly "conflict-free counsel" and discount the Attorney General of Guam's legally-mandated role simply because GPA disagrees with the Attorney General's legal opinion on the legality of the project as structured.

They seek to remove Respondent Attorney General from passing on the legality of procurements awarded Petitioner GPA relating to the Mangilao Medical Campus Project

---

[2] *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006). Petitioner GPA seeks to pigeonhole the scope of Federal Question jurisdiction narrowly to only instances where a claim arises under federal law. *See* Memorandum of Points and Authorities in Support of Motion to Remand [ECF 7-1, p. 3] ("*Thus, a party may remove a case from state or local court to the federal court when the plaintiff's complaint alleges a claim under federal law.*"). This overzealous argument fails to state that it can also arise when, as here, the adjudication of the complaint "necessarily depends on [the] resolution of a substantial question of federal law." *Id*. at 690. The relief sought by Petitioner GPA directly implicates Federal Question jurisdiction as they call for the interpretation of the 1950 Organic Act of Guam (Title 48 U.S.C. Chapter 8A), a federal congressional act that serves as Guam's constitution. *See Guam v. Guerrero*, 290 F.3d 1210, 1216-1217 (9th Cir. 2002).

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **2** of **12**
*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029 Document 11 Filed 08/07/25 Page 2 of 12

("MMC") funded by the American Rescue Plan Act of 2021 (ARPA)[3], which Respondent Attorney General of Guam contends have been illegally sub-granted by the Inorganic Consolidated Commission on Utilities ("CCU"). Specifically, their request to compel the Congressionally created, and democratically-elected, Attorney General of Guam to remove himself and to appoint in his stead an allegedly "conflict-free" counsel to review certain GPA procurements violates the 1950 Organic Act of Guam (Title 48 U.S.C. Chapter 8A) in that the CCU impermissibly obligated and expended ARPA/SLFRF funds when it "authorized" GPA's general manager to sign a subgrant agreement with GEDA [footnote omitted] for $35,448,983.87 in SLFRF monies to provide funding for the installation of electrical power infrastructure (project) in the village of Mangilao.

## II.

## LEGAL STANDARD

### A. §1331 Jurisdiction – GPA's Alleged Right to Relief Depends upon Resolution of Substantial Questions Regarding Federal Law

The inorganic and legislatively-unsupported remedy sought by Petitioner GPA vests this Court with Federal Question jurisdiction. "In order to prove that federal question jurisdiction exists, the Plaintiff's complaint must demonstrate that federal law created his cause of action "or that the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 1990) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006)). The Verified Petition clearly seeks relief on its face that would require this Court to make

---

[3] *See* ARPA § 9901, Pub. L. 117-2, 135 Stat. 4 (2021) (amending 42 U.S.C. § 802(c)(1) (states, territories, and tribal governments) & 803 (c)(2) (local governments) (Social Security Act Title VI §§ 602 (c)(1) & 603 (c)(2)) and

Page **3** of **12**
*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 11   Filed 08/07/25   Page 3 of 12

determinations upon federal law, to wit: the Organic Act of Guam and ARPA. *See Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) (*federal question jurisdiction is garnered from the face of the complaint*). Specifically, it seeks to remove Respondent Attorney General of Guam from the review of the unlawful procurements. This is more than sufficient to provide jurisdictional grounds. *Cement Masons Health & Welfare Trust Fund for N. Cal. v. Stone,* 197 F.3d 1003, 1008 (9th Cir.1999) (*Even if a claim is later dismissed on the merits, the assertion of a federal claim or substantive federal question "suffices to establish federal question jurisdiction" for removal purposes*).

Assuming *arguendo* that GPA's improper factual allegations, identified in Respondent Attorney General's Motion to Strike [ECF 10], remain intact, the Verified Petition for Writ of Mandate would fail on the merits as Petitioner GPA does not have a "clear and present right" required by 7 GCA § 31202 to relief having admitted that it did not obligate the funds and has not spent the funds[4]. *See* 7 GCA § 31202; *Bank of Guam v. Reidy*, 2001 Guam 14, ¶ 2 (Guam June 20, 2001). Petitioner GPA's admission that the Governor is the party obligating and expending the ARPA/SLFRF funds calls into question GPA's standing to bring a suit at all. Notably, the Attorney General has moved to consolidate this action with the action pending against the Governor, and has sought permission to file an amended complaint including these same issues, in the related matter pending at 24-cv-00029 before this Honorable Court.

---

the rules promulgated by the Coronavirus State and Local Fiscal Recovery Funds ("SLFRF"), a program established by the U.S. Congress to distribute ARPA funds.

[4] "Referencing the Organic Act does not turn GPA's writ action into a matter of federal question jurisdiction. Further, the CCU did not obligate the SLFRF funds; the Governor did. The CCU did not expend the funds; the funds remain unspent." [ECF 7-1, p. 7]"Further, GPA did not obligate the SLRFRF funds; the Governor did. GPA did not expend the funds; the funds remain unspent." [ECF 7-1, p. 8]

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **4** of **12**
*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029 Document 11 Filed 08/07/25 Page 4 of 12

Further, mandamus will not lie to compel Respondent Attorney General of Guam to render a particular legal opinion on the legality of the project as 5 GCA § 5150 empowers the Attorney General to review for form and to advise on the legality of the procurement. *See Common Cause Bd. of Supervisors*, 49 Cal. 3d 432, 442 (Cal. 1989) ("*Mandamus will lie to compel a public official to perform an official act required by law....Mandamus will not lie to control an exercise of discretion, i.e., to compel an official to exercise discretion in a particular manner.*"); *See also State of Cal. v. Settle*, 708 F.2d 1380, 1384-1385 (9th Cir. 1983) ("*Mandamus may not be used to force the **exercise** of **discretion** in a **particular** way*). *Wilbur v. United States*, 281 U.S. 206, 218-219, 50 S.Ct. 320, 324, 74 L.Ed. 809 (1930). Where the "duty" alleged involves agency expertise on an issue of judgment and choice, the matter is left to the agency's informed discretion, and is not subject to mandamus. *Panama Canal Co. v. Grace Line, Inc.,* 356 U.S. 309, 317-318, 78 S.Ct. 752, 757-58, 2 L.Ed.2d 788 (1958)"). Here, Petitioner GPA's disagreement with Respondent Attorney General of Guam's reservations on the legality of the project does *not* offer a legal and Organic basis to remove a democratically-elected officer in the exercise of his lawful authority under 5 GCA § 5150[5]. In fact it is the duty of the Attorney General of Guam to render legal opinions and to act upon those legal opinions in performing his Chief Legal Officer of the Government of Guam duties. *See* 5 GCA § 30107 (AG opinions); *see also* 48 U.S.C. § 1421g(d)(1). 5 GCA § 5150.

---

[5] "Whenever the Chief Procurement Officer, the Director of Public Works, or the head of any executive branch agency, autonomous agency, instrumentality or public corporation of the government of Guam conducts any solicitation or procurement which is estimated to result in an award of Five Hundred Thousand Dollars ($500,000) or more, the Attorney General or his designees, including one (1) or more Special Assistant Attorneys General who may be so designated or appointed by the Attorney General and subject to any reasonable requirements or conditions determined by the Attorney General, shall act as legal advisor during all phases of the solicitation or procurement process. <u>The Attorney General</u>, or his designee, including one (1) or more Special Assistant Attorneys General <u>shall</u>, in addition, <u>when he approves contracts, determine not only the correctness of their form, but their legality</u>." (emphasis supplied by counsel).

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **5** of **12**
*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029     Document 11     Filed 08/07/25     Page 5 of 12

In other words, Petitioner GPA cannot usurp the Attorney General of Guam's lawful role in reviewing the legality of the project by steering a particular result that rubberstamps their patently unlawful project. *See Wallace v. Board of Ed. Of City of Los Angeles*, 63 Cal.App. 611, 616 (Calif. 1944) ("*Mandamus cannot be used to control the discretion of a board, that is, it will not lie to compel the exercise of discretion in a particular manner, but the court will, by mandate, correct an abuse of discretion.* (*Inglin v. Hoppin*, 156 Cal. 483 [105 P. 582]; *Klevesahl v. Byington*, 1 Cal. App. 2d 671 [37 P. 2d 179].)"). If they disagree with the Attorney General's legal opinion, perhaps Petitioner GPA should focus upon curing those legal deficiencies identified by the Attorney General rather than to simply remove him in violation of the Organic Act and Guam law, and waste precious judicial time and resources.

This Court is properly vested in original jurisdiction because the remedies sought by Petitioner GPA directly implicate Federal Question jurisdiction as they call for the interpretation of the 1950 Organic Act of Guam (Title 48 U.S.C. Chapter 8A), a federal congressional act that serves as Guam's constitution. *See Guam v. Guerrero*, 290 F.3d 1210, 1216-1217 (9th Cir. 2002) ("While § 1421(b) might function as a constitution *Haeuser v. Dep't of Law*, 97 F.3d 1152, 1156 (9th Cir. 1996) ('*The Organic Act serves the function of a constitution for Guam.*'), it remains quite unlike a constitution of a sovereign State. Guam is a federal instrumentality, enjoying only those rights conferred to it by Congress, and its 'Bill of Rights' is a federal statute. Not even a sovereign State may interpret a federal statute or constitutional provision in a way contrary to the interpretation given it by the U.S. Supreme Court.*"). Accordingly, Federal Question jurisdiction is properly vested in this Court.

The Attorney General's Office is a creation of the 1950 Organic Act of Guam (Title 48 U.S.C. Chapter 8A*). See* 48 U.S.C. § 1421g(d)(1) ("*The Attorney General of Guam shall be the*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **6** of **12**
*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029    Document 11    Filed 08/07/25    Page 6 of 12

*Chief Legal Office of the Government of Guam*."). This provision when read in *pari materia* with *Guam v. Guerrero*, 290 F.3d 1210, 1216-1217 (9th Cir. 2002), can lead to no other conclusion but that the Attorney General of Guam's Office, just like the Office of the Governor of Guam, are federal instrumentalities. This provision allows for the democratic election of the Attorney General of Guam, which the Legislature of Guam codified, thus enfranchising the voters of Guam. *See* 5 G.C.A. § 30101 (establishment of the democratically-elected Office of the Attorney General).[6]

In contrast, the CCU is not an Organic entity and its involvement in directing the filing of the instant action by GPA is illegal, null and void. Whether the Governor, GPA or the CCU obligated the ARPA funds in question is a red herring. The substance of the matter is whether CCU could properly "authorize" GPA to enter into the subgrant agreement with GEDA. *See* ECF 3, *Petitioner's Memorandum of Points and Authorities in Support of GPA's Verified Petition for Writ of Mandate* at p. 4.

Accordingly, §1331 jurisdiction is clearly present and the GPA's Motion to Remand should be denied.

**B. The Attorney General is a Federal Officer for 28 U.S.C. § 1442 Purposes**

The Attorney General of Guam is an officer created by the U.S. Congress and a federal instrumentality under the Organic Act of Guam (48 U.S.C. Chapter 8A), which should be

---

[6] The Attorney General is the Chief Legal Office for the Government of Guam precisely because that office operates as a check and balance on the other branches of government. The drafters of the Organic Act of Guam were so concerned with ethical governance that they also established the Office of the Public Auditor, in addition to the Attorney General, to scrutinize Government operations and root out corruption. 48 U.S.C. §§ 1421g(c) and (d)(1). While Congress left it to the discretion of Guam's legislature as to whether to separate the Office of the Public Prosecutor from the Attorney General's Office; it underscores that these were Congressional actions and not just merely a "local" law that this Honorable Court, GPA or the Governor can ignore. GPA and the Governor's proposed relief ignores those legitimate concerns. In constitutional terms, the duties and obligations of the Attorney General can be decreased only as set forth in the Organic Act; namely, through one of the three

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **7** of **12**
*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 11   Filed 08/07/25   Page 7 of 12

construed as an agency or officer for purposes of removal and / or a person acting under a United States agency of officer, in this case the United States Congress. GPA's arguments to the contrary result from a cramped and overly-narrow view of 28 U.S.C. § 1442, and fails to recognize the distinction between state officials (officials of a sovereign entity) and officials in Guam, a U.S. Territory. Guam is not a sovereign state, but instead has only the powers allowed to it by the United States Congress, as set forth in the Organic Act of Guam.

The position of Attorney General of Guam was not created by the Legislature of Guam, and is critical to the structural design of government by the U.S. Congress. In this instance, the Attorney General of Guam is being sued for actions taken under color of office under the Organic Act of Guam, namely acting as "*the Chief Legal Officer of the Government of Guam*." 48 U.S.C. § 1421g(d)(1). The Governor and GPA are suing the Attorney General of Guam because he is doing "what he was asked to do by the government," namely, acting as the Chief Legal Officer of the Government of Guam by having issued his opinion and acting according to that legal opinion. *See Amancio v. DePerry*, 654 F. Supp. 3d 145 (D. Conn. 2023). 5 GCA § 30107. Indeed, the Attorney General of Guam is acting on, and being sued by the Governor and GPA, "on account of [his] right, title or authority claimed under any Act of Congress." 28 U.S.C. § 1442(a)(1). Congress determined that "*the Attorney General may be removed by the people of Guam according to the procedures specified in Section 1422d of this title or may be removed for cause in accordance with procedures established by the legislature [of Guam] in law*." 48 U.S.C. § 1421g(d)(1). The U.S. Congress, not the Governor or Guam Legislature, gave the Attorney General of Guam his duties. Congress created and empowered the federal

---

enumerated ways by the Organic Act: (1) recall; (2) separation of the prosecution function into a separate office; and (3) the next election cycle. *See* 48 U.S.C. § 1421g(d).
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **8** of **12**
*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 11   Filed 08/07/25   Page 8 of 12

position of Attorney General of Guam. 48 U.S.C. § 1421g(d). Accordingly, the liberal removal standard (and not the standard placing the burden on the party to remove an action) must apply to the instant matter in order to allow the Attorney General to defend the federal duties that Congress placed upon the Attorney General. *See Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 147, 127 S. Ct. 2301, 2304–05, 168 L. Ed. 2d 42 (2007) (*this Court has made clear that the statute must be "liberally construed."*).

Nevertheless, GPA has filed the instant proceeding seeking to *de facto* remove the Attorney General from office, whether in whole or in part, in violation of the Organic Act of Guam. Notably, the U.S. Congress through enacting the 1950 Organic Act of Guam, as amended, neither provided for, nor authorized anyone, whether the Governor or an autonomous executive agency, to appoint Special Assistant Attorney Generals, or special investigators or special prosecutors, to replace, in whole or in part, this federally-created and empowered office. *See Venezia v. Robinson*, 16 F.3d 209 (7th Cir. 1994); *Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482 (1st Cir. 1989); *Clio Convalescent Center v. Michigan Dept. of Consumer and Industry Services*, 66 F. Supp. 2d 875 (E.D. Mich. 1999); *Swan v. Community Relations-Social Development Commission*, 374 F. Supp. 9 (E.D. Wis. 1974); *Allen v. Allen*, 291 F. Supp. 312 (S.D. Iowa 1968); *People of State of Colo. v. Maxwell*, 125 F. Supp. 18 (D. Colo. 1954); *West v. Prudential Ins. Co. of America*, 34 F.2d 449 (W.D. Mo. 1929); *Wynn v. Baker*, 23 F.2d 530 (M.D. Ala. 1927). 48 U.S.C. § 1421g(d)(1).

GPA argues in its Motion that their Writ merely seeks to ask the Attorney General to "undertake his duties," and cites to *In re: Request of Leon Guerrero Relative to the Duties of the Attorney General of Guam to Executive Branch Agencies*, 2024 Guam 18 (the "Declaratory Judgment Action"). *See* GPA Memorandum, p. 11 of 12. However, GPA somehow forgets that

Page **9** of **12**
*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 11   Filed 08/07/25   Page 9 of 12

it is an autonomous agency, and the Declaratory Judgment Action expressly applied only to the representation of executive branch "line agencies." *Id*., ¶ 37 ("The Attorney General also cannot withdraw from providing routine legal services to agencies that cannot hire outside counsel."). However, as explained in detail above, the duties of the Attorney General involve the use of specialized knowledge and are discretionary, not ministerial, in nature. *State of Cal. v. Settle*, 708 F.2d 1380, 1384-1385 (9th Cir. 1983) ("Mandamus may not be used to force the exercise of discretion in a particular way. *Wilbur v. United States*, 281 U.S. 206, 218-219, 50 S.Ct. 320, 324, 74 L.Ed. 809 (1930). Where the "duty" alleged involves agency expertise on an issue of judgment and choice, the matter is left to the agency's informed discretion, and is not subject to mandamus. *Panama Canal Co. v. Grace Line, Inc.,* 356 U.S. 309, 317-318, 78 S.Ct. 752, 757-58, 2 L.Ed.2d 788 (1958)").

## CONCLUSION

Respondent GPA's requests for relief constitute an unconstitutional attempt to amend an Act of the U.S. Congress pertaining to the governmental structure of the U.S. Territory of Guam. Federal Question jurisdiction exists making the federal judiciary as the proper venue for this matter to avert GPA's attempt to amend the structure of the U.S. territorial government of Guam, improperly divest a Congressionally-created office holder (Attorney General) from performing his duties, and to maintain the delicate balance of power intended by the U.S. Government and codified in the U.S. Congress' 1950 Organic Act of Guam.

Neither federal nor local Guam law authorizes any of the relief sought by Petitioner GPA to remove the Attorney General from performing his duties. Title 5 Guam Code Annotated § 30101(c) expressly delineates that an Attorney General of Guam may only be removed "*in the same manner as provided under the Organic Act of Guam for the removal of*

Page **10** of **12**
*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 11   Filed 08/07/25   Page 10 of 12

*the [Governor].*" 48 U.S.C. § 1421g provides that the "*Attorney General may be removed by the people of Guam…. or may be removed for cause in accordance with procedures established by the legislature in law.*" 48 U.S.C. § 1422(b) provides that a Governor "*may be removed from office by referendum election …. In favor of a recall.*" Read together, these fundamental laws expressly provide for the *exclusive* remedy by the U.S. Congress of removal by means of recall. Accordingly, the relief sought by Petitioner GPA constitutes a serious constitutional challenge to the U.S. Congress' 1950 Organic Act of Guam, a federal act, and, as such remand to a local court from this Federal Court is improper. Moreover, as a federal officer created and empowered by Congress, the Attorney General of Guam maintains a right to have disputes pertaining to his performance in office resolved by the federal judiciary.

Respondent respectfully requests that this Honorable Court deny GPA's Motion to Remand, and correctly exercise its jurisdiction in order to both protect the federal duties that the Attorney General of Guam is required to perform under the 1950 Organic Act of Guam as mandated by the U.S. Congress, and to resolve the substantial questions of federal law raised by Petitioner's "writ," including, but not limited to, the filing of Petitioner's writ at the behest of the Inorganic CCU.

**Respectfully submitted** this 7th day of August, 2025.

        **OFFICE OF THE ATTORNEY GENERAL**
        Douglas B. Moylan, Attorney General of Guam

*W. Lyle Stamps*

**WILLIAM LYLE STAMPS**
Assistant Attorney General

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **11** of **12**
*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029 Document 11 Filed 08/07/25 Page 11 of 12

# CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**MARIANNE WOLOSCHUK**
Gloria B. Nelson, Public Service Bldg.
688 Route 15, Fadian
Mangilao, Guam 96913
Tel: (671) 648-3227
Fax: (671) 648-3290
E-Mail: mwoloschuk@gpagwa.com
Counsel for Petitioner Guam Power Authority

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*W. Lyle Stamps*
**WILLIAM LYLE STAMPS**
Assistant Attorney General

Page **12** of **12**
*Attorney General of Guam's Response to Motion to Remand*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 11   Filed 08/07/25   Page 12 of 12