**MARIANNE WOLOSCHUK**
Legal Counsel
Guam Power Authority
Gloria B. Nelson, Public Service Bldg.
688 Route 15, Fadian
Mangilao, Guam 96913
Ph: (671) 648-3227
Fax: (671) 648-3290
E-mail: mwoloschuk@gpagwa.com

*Attorney for the Guam Power Authority*

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| GUAM POWER AUTHORITY, | CIVIL CASE NO. 1:25-CV-00029 |
| Petitioner, | |
| vs. | **GPA'S OPPOSITION TO MOTION TO CONSOLIDATE (FRCP 42)** |
| ATTORNEY GENERAL OF GUAM, | |
| Respondent. | |

**I. Introduction**

On July 24, 2025, respondent Douglas B. Moylan, Attorney General of Guam, filed a motion to consolidate this case with District Court of Guam Case No. 1:24-CV-00029. (ECF No. 8). Petitioner Guam Power Authority (GPA) hereby opposes the motion, because consolidation would burden and disadvantage both the Governor of Guam and the Guam Housing and Urban Renewal Authority (GHURA) on the one hand, and GPA on the other, at this stage of the litigation, and would offer no gains in efficiency as the claims in the two cases do not overlap.

**II. Factual and Procedural Background**

On December 20, 2024, AG Moylan brought an action against the Governor and GHURA in Case No. 1:24-CV-00029 (also referred to as the 2024 case or the case against the

Governor). In that case, AG Moylan seeks equitable and declaratory relief based on his contention that the defendants allegedly misspent federal monies, i.e., American Recovery Plan Act (ARPA) State and Local Fiscal Recovery Funds (SLFRF), to purchase a parcel of land on which to build the Mangilao Medical Campus (MMC).

In the meantime, AG Moylan has publicly and vociferously voiced his opposition to the MMC in the media. By doing so, he has rendered himself and his direct reports incapable of providing unbiased legal advice to GPA, which is planning to use a subgrant of SLFRF funds to procure electrical infrastructure to serve the MMC and the greater Mangilao community.

On June 12, 2025, GPA filed a petition for writ of mandamus in the Superior Court of Guam in Case No. SP0089-25, seeking to compel AG Moylan to appoint conflict-free counsel to conduct a review of GPA's procurement under 5 GCA § 5150.

AG Moylan removed GPA's case to the district court on June 17, 2025, in Case No. 1:25-CV-00029 (also referred to as the 2025 case or GPA's case). (ECF No. 1). GPA moved to remand to the Superior Court on July 17, 2025. (ECF No. 7). Briefing is underway and the motion to remand remains pending before this court.

As his improperly captioned motion to consolidate makes plain, AG Moylan also seeks to amend his complaint in the 2024 case to add four new defendants to his lawsuit against the Governor and GHURA: the Consolidated Commission on Utilities (CCU), GPA, Guam Waterworks Authority (GWA), and Guam Economic Development Authority (GEDA), in addition to adding new claims. AG Moylan's motion to amend the complaint in the 2024 case remains pending.[1]

---

[1] Because AG Moylan needs leave of court to amend the complaint in Case No. 1:24-CV-00029 and leave has not been granted, AG Moylan lacks authority to name new defendants in the filings in that case.

On August 7, 2025, AG Moylan moved to strike allegations in both the writ petition and the motion to remand filed by GPA in GPA's case. (ECF No. 10). Briefing has not been completed; the motion also remains pending before the court.

GPA opposes AG Moylan's motion to consolidate the 2024 and 2025 cases.

### III. Argument

**A. It would be futile to consolidate cases that should not be before this court.**

"Generally a court cannot consider a motion to consolidate where the court does not have subject matter jurisdiction over the case." *Sarfraz-Sattar v. Pac. Gas & Elec. Co.*, No. 2:24-cv-00640-TLN-SCR, slip op., 2025 WL 44927, at *7 (C.D. Cal. Feb. 10, 2025) (granting plaintiff's motion to remand for lack of federal question jurisdiction because federal statutory pre-emption does not apply and then denying defendant's motion to consolidate as moot); *see Alvandi v. CVS Pharmacy, Inc.*, No. CV 15-01503-AB (AGRx), 2015 WL 3407899, at *4 (C.D. Cal. May 27, 2015) (granting defendants' motion to dismiss for lack of subject matter jurisdiction because amount in controversy fell below statutory threshold and then denying plaintiff's motion to consolidate as moot). In addition, "[a]n improperly removed action is not 'before the court' for purposes of [FRCP 42], and may not be consolidated with a case that is pending in order to avoid remand." *Eagle Vista Equities, LLC v. Vielma*, No. LA CV15-01452 JAK (SSx), 2015 WL 1600704, at *2 (C.D. Cal. Apr. 8, 2015).

In its earlier motion to remand (ECF No. 7), GPA has shown that the 2025 case should be remanded to the Superior Court because AG Moylan has failed to demonstrate that federal question jurisdiction exists and thus the 2025 case does not belong before this court. As a result, AG Moylan cannot use consolidation to avoid remand. Similarly, the Governor has shown that AG Moylan's 2024 case should be dismissed because the court lacks subject matter jurisdiction

over the claims he has asserted and thus that case also is not properly before this court. Consolidation will not save the 2024 case from dismissal.

Consolidating two cases that do not belong before this court would be futile and pointless. Instead, the court should decide the pending motions to remand and dismiss and then deny the motion to consolidate as moot.

In the event that the court wishes to retain jurisdiction of both matters, notwithstanding arguments made in the earlier motions to remand and dismiss in the respective cases, GPA addresses AG Moylan's arguments regarding consolidation on their own terms.

**B. Standard governing motions to consolidate cases.**

Rule 42 of the Federal Rules of Civil Procedure governs consolidation and provides that actions before the court involving a common question of law or fact may be consolidated for limited purposes, Fed. R. Civ. P. 42(a)(1) (allowing a court to "join for hearing or trial any or all matters at issue in the actions"), or for all purposes. Fed. R. Civ. P. 42(a)(2) (allowing a court to "consolidate the actions"). The decision to consolidate actions involving common questions or law or fact lies within the sound discretion of the court. *Investors Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989) ("The district court has broad discretion under [FRCP 42(a)] to consolidate cases pending in the same district."). However, even where cases involve commons issues of fact or law, "[i]n determining whether or not to consolidate cases, the Court should weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Zhu v. UCBH Holding, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (citation and internal quotation marks omitted).

"[C]onsolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts. If the parties

at issue, the procedural posture and the allegations in each case are different, however, consolidation is not appropriate." *Hanson v. Dist. of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009) (citations omitted).

"A party moving for consolidation must bear the burden of showing the commonality of factual and legal issues in different actions". *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993). The moving party also bears the burden of demonstrating that convenience and judicial economy would result from consolidation. *Miller v. Ventro Corp.*, No. 01-CV-1287, 2001 WL 34497752, at *3 (N.D. Cal. Nov. 28, 2001).

In summary, a party seeking to consolidate cases must not only show that the actions involve common questions of law or fact, but must also persuade the court to exercise its discretion so as to promote judicial economy while avoiding potential prejudice, delay, or confusion.

**C. The court should deny consolidation because the two cases do not involve common questions of law or fact.**

"[T]he presence of common questions of law or fact is a threshold requirement for consolidation". *NetCurrents Info. Servs., Inc. v. Dow Jones & Co., Inc.*, Case No. CV 07-4027-JFW (RCx), 2008 WL 11339969, at *1 (C.D. Cal. July 17, 2008). Here, the cases should not be consolidated because they have different governmental parties in different postures. In one case, GPA has initiated the action as a petitioner. In the other case, the Governor and GHURA were named as defendants by AG Moylan. Because the parties are different and stand in relation to one another differently in the two cases, there are no common questions of fact and law.

In his motion, AG Moylan argues that the 2025 case should be consolidated with the 2024 case because both cases involve the same questions of law and fact, and, as a consequence,

Page 5
*GPA's Opposition to Motion to Consolidate (FRCP 42)*
District Court Case No. 1:25-CV-00029

Case 1:25-cv-00029   Document 12   Filed 08/14/25   Page 5 of 9

consolidation will conserve judicial resources. AG Moylan also argues that if the two cases are not consolidated, there is a risk that inconsistent judgments will issue. Neither of these contentions is true and therefore neither of them supports consolidation.

In paragraph 13 of his motion to consolidate, AG Moylan alleges that GPA has "tacitly conceded" that GPA's case and AG Moylan's case against the Governor "involve common questions of fact and law" because a footnote in GPA's writ petition notes that the parcel of land at issue "is currently the subject of a lawsuit by the Attorney General alleging improprieties in the sale, *Moylan v. Leon Guerrero*, District Court of Guam Case No. 1:24-CV-00029 (filed Dec. 20, 2024). . . ." ECF No. 8 ¶ 13 (Mot. to Consolidate (July 24, 2025)). GPA concedes nothing of the kind, tacitly or otherwise. Paragraph 13 demonstrates a failure of reading comprehension. GPA's writ petition footnote provides current status information to the Superior Court, where GPA originally filed the action and which, as part of a separate court system, is not necessarily *au fait* as to the proceedings in this court.

According to AG Moylan, four additional governmental agencies—CCU, GPA, GWA, and GEDA—must be made parties in the 2024 case because they, along with the Governor and GHURA, the parties already named in the 2024 case, are allegedly involved in the illegal expenditure of SLFRF funds. Rule 19 of the Federal Rules of Civil Procedure governs the required joinder of parties and defines a required party as one who must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>    (i) as a practical matter impair or impede the person's ability to protect the interest; or
>    (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). GPA, like the three other new agencies, is not an indispensable party under this rule.

AG Moylan ignores the fact that none of the four entities he would add to the 2024 case controls how the monies will be spent. Rather, it is the Governor who ultimately controls the disposition of SLFRF funds. GEDA, as subgrantor of the Guam Department of Administration, passed the SLFRF money through to GPA as a subgrantee, with the CCU's approval, to construct electrical infrastructure in Mangilao.

To get any project valued at $500,000 or more underway, GPA must conduct a procurement with the AG's participation. Under the Guam Procurement Law, an attorney from the Office of the Attorney General must review the procurement as to form and legality under 5 GCA § 5150. Although he has not yet had an opportunity to review the electrical infrastructure procurement, AG Moylan has already publicly stated that he opposes the project. Thus, AG Moylan has shown himself to have a conflict of interest, because he is biased against the project. As a result, GPA is entitled to substitute counsel, verifiably free of conflict of interest, to review its procurement under section 5150.

The appointment of conflict-free counsel is all GPA hopes to accomplish through its writ petition. GPA does not need to adjudicate the legality of purchases of parcels of land or the spending of federal funds. If this court or another decides in AG Moylan's favor, GPA will simply halt the project. In the meantime, however, because time is of the essence given the short fuse for spending the SLFRF monies, GPA would like to get the section 5150 procurement review paperwork done. If the court rules in the Governor's favor as to the SLFRF funds, GPA will be well-positioned to commence solicitations for the project.

**D. Consolidation's potential for delay, confusion and prejudice outweighs any interest of judicial convenience.**

"[A] court can decline to consolidate actions even when a common question of law or fact is present if the consolidation would result in 'inefficiency, inconvenience, or unfair prejudice to a party.'" *NetCurrents*, 2008 WL 11339969 at *1 (quoting *E.E.O.C. v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998)).

Here, the prejudice to GPA from consolidation weighs heavily against granting AG Moylan's motion to consolidate. The two cases present distinct claims. GPA's case asserts a single goal, namely, an order directing AG Moylan to appoint verifiably conflict-free counsel to review GPA's procurement. In contrast, in AG Moylan's 2024 case, he asserts a dozen claims against the defendants that have to do with alleged violations of law related to the spending of SLFRF monies. None of AG Moylan's claims in the 2024 case have anything to do with GPA's petition in this case.

The court would spend considerably more time adjudicating of all of AG Moylan's claims in the 2024 case than it would in reviewing GPA's single claim in the 2025 case. Thus, consolidation would materially disadvantage GPA, which would have to wait for the court to resolve all of AG Moylan's claims in the case against the Governor before GPA could obtain relief on the simple legal question it has presented here.

The main so-called benefit of consolidation appears to be AG Moylan's prospect that combining his case against the Governor with GPA's case would further delay final disposition of GPA's case. One party's ability to disadvantage another, however, does not present a valid reason to consolidate cases. The United States Supreme Court has observed that "consolidation [can]not prejudice rights to which the parties would have been due had consolidation never occurred". *Hall v. Hall*, 584 U.S. 59, 72 (2018). Yet this is exactly the type of prejudice that

Page 8
*GPA's Opposition to Motion to Consolidate (FRCP 42)*
District Court Case No. 1:25-CV-00029

Case 1:25-cv-00029   Document 12   Filed 08/14/25   Page 8 of 9

consolidation would cause here. As a consequence, the court should decline to consolidate GPA's case with AG Moylan's case against the Governor.

## IV. Conclusion

For the foregoing reasons, consolidation of the two cases would be inequitable, unhelpful to judicial economy, and a poor use of the court's discretion. The court should therefore deny AG Moylan's motion to consolidate.

Respectfully submitted this 14th day of August, 2025.

*Attorney for the Guam Power Authority*

By:   /s/_____
      **Marianne Woloschuk**
      GPA Legal Counsel

## Certificate of Service

I certify that on August 14, 2025, I electronically filed the foregoing document with the Clerk of Court for the District Court of Guam using the CM/ECF system which will send notification of such filing to all counsel and parties of record:

> Willam Lyle Stamps, Assistant Attorney General
> Offices of the Attorney General of Guam
> 134 W. Soledad Avenue
> Bank of Hawaii Building, 3rd Floor, Suite 301
> Hagåtña, Guam 96910
> Email: wstamps@oagguam.org
> Counsel for Respondent Attorney General of Guam

Executed at Mangilao, Guam, on August 14, 2025.

  /s/_____
Marianne Woloschuk