**MARIANNE WOLOSCHUK**
Legal Counsel
Guam Power Authority
Gloria B. Nelson, Public Service Bldg.
688 Route 15, Fadian
Mangilao, Guam 96913
Ph: (671) 648-3227
Fax: (671) 648-3290
E-mail: mwoloschuk@gpagwa.com

*Attorney for the Guam Power Authority*

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GUAM POWER AUTHORITY, | CIVIL CASE NO. 1:25-CV-00029 |
| Petitioner, | |
| vs. | **GPA'S REPLY TO ATTORNEY GENERAL'S RESPONSE TO MOTION TO REMAND (28 U.S.C. § 1447(c))** |
| ATTORNEY GENERAL OF GUAM, | |
| Respondent. | |

## I. Introduction

On August 7, 2025, respondent Attorney General of Guam filed his response (ECF No. 11) to the motion to remand filed by petitioner Guam Power Authority (GPA). (ECF No. 7). GPA hereby submits its reply to the Attorney General's response.

## II. Argument

**A. The Attorney General's arguments against remand lack merit.**

In Part A of his memorandum in response to GPA's motion to remand, the Attorney General makes a series of arguments. GPA addresses these in turn.

**1. This case does not require the court to interpret federal law.**

First, the Attorney General argues that GPA's requested relief would require the court to make a determination based on a federal law, namely, ARPA and the Organic Act. But GPA's

Page 1
*GPA's Reply to Attorney General's Response to Motion to Remand (28 U.S.C. § 1447(c))*
District Court Case No. CV25-00029

Case 1:25-cv-00029     Document 13     Filed 08/21/25     Page 1 of 10

requested relief, i.e., the appointment of conflict-free counsel to review GPA's procurement, does not involve the interpretation of any federal statute.

GPA has asked the court to appoint conflict-free counsel pursuant to authority found in the Guam Supreme Court's opinion in In re Leon Guerrero, 2024 Guam 18, the Guam Rules of Professional Conduct, and 5 GCA § 5150. These local sources of law do not implicate any federal statutes. Moreover, section 5150 is a Guam law, passed by the Guam Legislature, imposing the duty of procurement review on the Attorney General. Nothing in federal law requires the Attorney General to perform this duty and the Guam Legislature has the power to modify it or remove it at will. Also, ARPA and the Organic Act do not create a private right of action. Thus, invoking them when the real issue involves a question of local law will not produce federal jurisdiction. *See Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002)

**2. GPA does not seek to disqualify the office of the Attorney General.**

Second, the Attorney General argues that GPA seeks to remove the Attorney General from review of GPA's procurement and this alone suffices to create federal jurisdiction. However, GPA is not seeking to disqualify the entire OAG. The Attorney General, individually, has a conflict of interest with respect to GPA's procurement. All GPA wants is for a non-conflicted attorney to be appointed to review GPA's procurement. GPA is content to let some other attorney in the OAG review its procurement, provided that the appointed attorney does not have a conflict of interest, hence GPA's request that appointed counsel not report to the Attorney General and that the Attorney General and his direct reports remain behind an ethical wall.

**3. Spending is not a prerequisite to mandamus relief.**

Third, the Attorney General argues that GPA does not have a clear and present right under 7 GCA § 31202 (governing writ of mandate; when and by what court issued) to the relief sought,

Page 2
*GPA's Reply to Attorney General's Response to Motion to Remand (28 U.S.C. § 1447(c))*
District Court Case No. CV25-00029

Case 1:25-cv-00029    Document 13    Filed 08/21/25    Page 2 of 10

because GPA did not obligate the funds for the procurement and has not spent them. The obligation of funds and the spending of funds have nothing to do with GPA's request for a conflict-free attorney to review GPA's procurement.

GPA has asked the court to compel the Attorney General to appoint a non-conflicted attorney to review GPA's procurement under section 5150 during the four phases for competitive bidding: (1) planning and drafting phase; (2) solicitation and bidding phase; (3) opening and evaluating bids phase; and (4) decision to award and contract signing phase. *See* Ex. 1, AG Procurement Form 016 (Phase Review Form for Competitive Bidding Procedure (Invitation for Bid) for Procurement $500,00 and Over).[1] Every agency, GPA included, that has procurements reviewed by the OAG by definition will necessarily not have spent project funds prior to section 5150 review, because the agency does not award the procurement until the section 5150 review is complete. GPA has no need to obligate the funds because they are part of a grant award obligated by the Governor.

**4. GPA has standing to seek mandamus relief.**

Fourth, the Attorney General argues that, because GPA did not obligate the funds and has not spent them, GPA lacks standing to bring this action. Spending funds on a procurement before it has undergone section 5150 review is not permitted and therefore cannot confer standing on a party to bring a writ action. The same goes for obligating funds: a client of the Attorney General does not have to be the obligating party in order to have standing to seek a writ of mandamus.

GPA is a client of the Attorney General. The Attorney General is GPA's lawyer for, *inter*

---

[1] GPA asks the court to take judicial notice pursuant to FRE 201 of the Attorney General's procurement forms, available on the OAG website at <https://guamattorneygeneral.org/procurement-forms/>. *See* Fed. R. Evid. 201(b)(2) & (c)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. . . . The court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information.")

Page 3
*GPA's Reply to Attorney General's Response to Motion to Remand (28 U.S.C. § 1447(c))*
District Court Case No. CV25-00029

*alia*, procurement review. GPA has standing to seek a writ of mandate by virtue of its procurement, which, by law, must be reviewed by an unconflicted attorney at the OAG. If the Attorney General has a conflict, then GPA is entitled to the appointment of a conflict-free attorney to review GPA's procurement. Because the Attorney General refuses to appoint a conflict-free attorney to review GPA's procurement, GPA has asked the court to compel the Attorney General to do his duty and appoint conflict-free counsel to GPA for the purpose of section 5150. As with the right to mandamus relief, the obligation of funds and the spending of funds have nothing to do with GPA's standing to request a conflict-free attorney to review GPA's procurement.

**5. GPA does not seek any particular opinion, only conflict-free counsel to render one.**

Fifth, the Attorney General argues that GPA cannot use mandamus to compel the Attorney General to render a particular legal opinion as to the legality of GPA's procurement. The Attorney General's argument misunderstands the purpose underlying GPA's writ action.

GPA has not asked the court to compel the Attorney General to render a particular opinion. GPA has asked the court to compel the Attorney General to appoint a non-conflicted attorney capable of rendering an opinion on GPA's procurement—whatever that opinion may be—independent of interference from the conflicted Attorney General and his direct reports. The appointment of non-conflicted counsel to review a procurement requires no particular exercise of judgment. It amounts to a ministerial duty well suited to mandamus relief.

Also, as noted above, GPA does not seek to disqualify the entire OAG. Since the Attorney General operates through the OAG and does not undertake every duty of the office personally, the appointment of conflict-free counsel does not remove a democratically elected official.

**6. GPA is entitled to unbiased section 5150 review.**

Sixth, the Attorney General argues that GPA should accept his legal opinion as to GPA's

*GPA's Reply to Attorney General's Response to Motion to Remand (28 U.S.C. § 1447(c))*
District Court Case No. CV25-00029

Case 1:25-cv-00029   Document 13   Filed 08/21/25   Page 4 of 10

procurement. However, the Attorney General, based on his misunderstanding of federal law, has prejudged GPA's procurement without ever having seen it. GPA does not seek an attorney to rubberstamp its procurement; rather, GPA seeks an independent attorney in the OAG who will give GPA's procurement the fair and measured section 5150 review to which GPA's procurement is entitled.

**7. The Attorney General must challenge local laws in local court.**

Seventh, the Attorney General argues that the remedies sought by GPA require the court to interpret the Organic Act, because, while the Organic Act provides for the elected office of the Attorney General, it does not create the (elected) Consolidated Commission on Utilities (CCU). As a result, the Attorney General's argument goes, the CCU is an inorganic body lacking authority to oversee GPA.

The Organic Act provides for a form of government with three branches, one of which is the Guam Legislature. *See* 48 U.S.C. §§ 1422, 1423, & 1424 (creating, respectively, the executive branch, the legislature, and the judiciary). The CCU was created by the Guam Legislature decades ago. *See* 12 GCA § 79100 (creating the CCU) (added by P.L. 26-76:8 (Mar. 12, 2002)). If the Attorney General wishes to call the CCU's existence into question, he must challenge a Guam law. The district court is not the proper forum for that, the local court is.

**B. The Attorney General is not a federal officer.**

The Attorney General argues that the Organic Act created his office and, as a result, he is a federal officer. If the court were to give this argument credence, then it would have to find that other offices created in the Organic Act would likewise be federal offices. But they are not. For instance, the Governor of Guam is created by the Organic Act, but this does not make her office a federal one.

Page 5
*GPA's Reply to Attorney General's Response to Motion to Remand (28 U.S.C. § 1447(c))*
District Court Case No. CV25-00029

Case 1:25-cv-00029 Document 13 Filed 08/21/25 Page 5 of 10

The Attorney General incorrectly states that the U.S. Congress gave the Attorney General his duties. The Organic Act provides only the broad outlines and the minimum requirements of his office. 48 U.S.C. § 1421g(d) (establishing the office of the Attorney General of Guam). As noted above, it is the Guam Legislature that has enacted statutes detailing the powers and duties of the Attorney General. *See, e.g.,* 5 GCA § 30103 (listing the common law powers of the Attorney General "in addition to the powers expressly conferred upon him by this Chapter").The Guam Legislature can amend or repeal these statutes at any time. *See A.B. Won Pat Guam Int'l Airport Auth v. Moylan*, 2005 Guam 5 ¶ 1 (holding that the Guam Legislature may increase, alter, or abridge the Attorney General's common law powers and duties). The Attorney General's powers and duties with regard to procurement spring not from the Organic Act but from the Guam Procurement Law, 5 GCA § 5001 *et seq.*, enacted by the Guam Legislature.

If the Attorney General were a federal officer as he claims, then like other federal officers he would be subject to certain requirements, such as federal financial reporting. Presumably he has not filed any such reports, showing that even he does not believe himself to be a federal officer (otherwise he would be in non-compliance with federal law).

The Attorney General argues that he is being sued by the Governor and GPA for rendering an opinion as the Chief Legal Officer designated under the Organic Act. The invocation of the Organic Act does not confer federal jurisdiction on GPA's writ petition. In addition, GPA's writ action does not involve any parties other than GPA and the Attorney General. As noted above, the Attorney General has prejudged GPA's procurement despite never having seen it. He has by his own actions disqualified himself from section 5150 review of GPA's procurement.

The Attorney General argues against the appointment of special prosecutors or special assistant attorneys general. But GPA does not seek the appointment of any such officer. GPA

Page 6
*GPA's Reply to Attorney General's Response to Motion to Remand (28 U.S.C. § 1447(c))*
District Court Case No. CV25-00029

Case 1:25-cv-00029   Document 13   Filed 08/21/25   Page 6 of 10

only wants a conflict-free attorney appointed from among the OAG's ranks to review its procurement free from interference by the conflicted Attorney General and his direct reports.

Finally, the Attorney General argues that the Guam Supreme Court's opinion in *In re Leon Guerrero*, 2024 Guam 18, applies only to line agencies, and not the autonomous agencies. This is incorrect. The Guam Supreme Court recognized that even autonomous agencies "require the Attorney General's signature for all contracts worth $500,000 or more. Unlike general legal services and litigation representation, these are duties the Legislature specifically assigned to the Attorney General and withheld from the abilities of any outside legal counsel." *Id.* ¶ 76.

Because the Attorney General is not a federal officer, he cannot invoke removal jurisdiction under 28 U.S.C. § 1442. The court should therefore remand this matter to the Superior Court.

**C. This court lacks jurisdiction to issue a writ of mandamus to the Attorney General.**

Federal law provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Section 1361 supplies a party with the procedural mechanism to seek the enforcement of a federal ministerial duty in district court.

The law does not authorize a district court to issue a writ of mandamus to compel a state official to comply with state law. "United States district courts have no original jurisdiction to issue the equivalent relief of writs of mandamus in the absence of constitutional or specific statutory provisions. Such relief may only be issued in aid of original jurisdiction. This applies to rights allegedly secured by the Constitution or laws of the United States." *Dyer v. Abe*, 138 F. Supp. 220, 231 (D. Haw. 1956), *rev'd on other grounds*, 256 F.2d 728 (9th Cir. 1958). Thus, a

Page 7
*GPA's Reply to Attorney General's Response to Motion to Remand (28 U.S.C. § 1447(c))*
District Court Case No. CV25-00029

Case 1:25-cv-00029     Document 13     Filed 08/21/25     Page 7 of 10

district court cannot issue a writ of mandamus to compel a local attorney general to perform a duty under local law.

By removing this matter to the district court, the Attorney General has placed the court in the position of having to rule on GPA's petition for writ of mandamus. This means that, if the court were to find in GPA's favor, it would have to issue a writ of mandate directing the Attorney General to appoint conflict-free counsel to review GPA's procurement. But under section 1361 the court has no authority to do so, because the Attorney General is not a federal officer. The court that has the authority to issue the writ, the Superior Court of Guam where GPA originally filed its petition, is where this case belongs. The court should therefore grant GPA's motion to remand the matter to the Superior Court.

### IV. Conclusion

Given the foregoing, the Attorney General has not met his burden of showing that removal was proper. The court should therefore remand this matter to the Superior Court of Guam.

Respectfully submitted this 21st day of August, 2025.

*Attorney for the Guam Power Authority*

By:    /s/_____
           **Marianne Woloschuk**
           GPA Legal Counsel

Page 8
*GPA's Reply to Attorney General's Response to Motion to Remand (28 U.S.C. § 1447(c))*
District Court Case No. CV25-00029

**Certificate of Service**

I certify that on August 21, 2025, I electronically filed the foregoing document with the Clerk of Court for the District Court of Guam using the CM/ECF system which will send notification of such filing to all counsel and parties of record:

Willam Lyle Stamps, Assistant Attorney General
Offices of the Attorney General of Guam
134 W. Soledad Avenue
Bank of Hawaii Building, 3rd Floor, Suite 301
Hagåtña, Guam 96910
Email: wstamps@oagguam.org
Counsel for Respondent Attorney General of Guam

Executed at Mangilao, Guam, on August 21, 2025.

                                                              /s/
                                                       Marianne Woloschuk

Page 9
*GPA's Reply to Attorney General's Response to Motion to Remand (28 U.S.C. § 1447(c))*
District Court Case No. CV25-00029

Case 1:25-cv-00029     Document 13     Filed 08/21/25     Page 9 of 10

# Phase Review Form
# for Competitive Bidding Procedure (Invitation for Bid)
# for Procurement $500,000 and Over

Purchasing Agency: _____  Bid No.: _____

Using Agency (if different): _____

Brief Purchase Description: _____

Printed Name of Procurement Officer or Designee:    Printed Name of Assistant Attorney General:

_____    _____

**Instructions:** When the Purchasing Agency has completed each of the phases described below, and is able to certify that the records for a phase are complete and that all procedural and legal requirements have been met, the Procurement Officer for the Purchasing Agency, or his designee, should initial and date this Checklist in the left hand column. As each phase is completed, please forward this Checklist and the procurement record to the assigned Assistant Attorney General (AAG). When the assigned AAG has completed his or her review, he or she will initial and date this Checklist and return it and the procurement record to the Purchasing Agency to signify that the AAG has completed his or her review of the phase. If the AAG is unable to initial off for a phase, he or she will inform the Purchasing Agency. **Disclaimer:** By initialing and dating this Checklist, the AAG is signifying that he or she has reviewed the phase. Initialing the Checklist does not mean that the AAG has approved, concurred, or cleared a procurement phase. Pursuant to 5 GCA § 5150 the AAG functions as an advisor and not an administrator. The Purchasing Agency remains solely responsible for administering the procurement in compliance with law.

| **Purchasing Agency** | | **Description of Phase** | **Attorney General** | |
|---|---|---|---|---|
| **Initials** | **Date** | | **Initials** | **Date** |
| _____ | _____ | 1. Planning and Drafting Phase:<br>- begins when using agency identifies need<br>- interim events include drafting of specifications<br>- ends when invitation for bid (IFB) package is ready for issuance | _____ | _____ |
| _____ | _____ | 2. Solicitation and Bidding Phase:<br>- begins with the official issuance of IFB and publication of notice<br>- interim events include amendments to IFB, pre-bid conferences, and handling of questions and answers<br>- ends at the time and date set for submission of bids | _____ | _____ |
| _____ | _____ | 3. Opening and Evaluating Bids Phase:<br>- begins immediately after the submission time and date<br>- interim events include bid opening, evaluations of bids for responsiveness and responsibility, and abstracting and analysis of results<br>- ends when recommendation for award or other action has been prepared, and using agency concurs with action to be taken | _____ | _____ |
| _____ | _____ | 4. Decision to Award and Contract Signing Phase:<br>- begins upon issuance of notice of intent of possible award<br>- interim events includes drafting of purchase order or written contract<br>- ends upon issuance of a purchase order or signing of written contract by parties and all other | _____ | _____ |