

**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
**Civil Division**
134 W. Soledad Avenue, Ste. 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | | |
|---|---|---|
| GUAM POWER AUTHORITY, | ) | Civil Case No. 1:25-cv-00029 |
| Petitioner, | ) | |
| vs. | ) | **Attorney General of Guam's Reply to GPA's Opposition to Motion to Consolidate and Memorandum of Law (F.R.C.P. 42)** |
| ATTORNEY GENERAL OF GUAM | ) | |
| Respondent. | ) | |

Respondent ATTORNEY GENERAL OF GUAM, hereby replies to Petitioner GUAM POWER AUTHORITY's ("GPA's")'s Opposition to Motion to Consolidate [ECF 8] and renews his request that this Court properly consolidate the instant action with *Government of Guam; Douglas B. Moylan, Attorney General of Guam v. Lourdes A, Leon Guerrero, Governor of Guam; and Guam Housing and Urban Authority*, D. Guam Case No. 1:24-CV-00029 pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("FRCP") and CVLR 7(f), as both actions "*turn on substantial questions of federal law*" and "*implicate significant federal*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **1** of **12**
*Reply to Petitioner's Opposition to Attorney General's Motion to Consolidate*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029    Document 14    Filed 08/28/25    Page 1 of 12

*issues*" related to whether the Governor and GPA have each impermissibly and illegally obligated or expended funds under Congress' American Rescue Plan Act of 2021 (ARPA). *See* ARPA § 9901, Pub. L. 117-2, 135 Stat. 4 (2021) (amending 42 U.S.C. §§ 802(c)(1) (states, territories, and tribal governments) & 803 (c)(2) (local governments) (Social Security Act Title VI §§ 602 (c)(1) & 603 (c)(2)) and the rules promulgated by the U.S. Congress' Coronavirus State and Local Fiscal Recovery Funds ("SLFRF"), a program established to distribute ARPA funds to plan, construct, and develop the same Mangilao Medical Campus ("MMC') project, and as grounds therefore states:

## I. INTRODUCTION

Petitioner GPA seeks to wrest from Respondent Attorney General his statutory duty as the Chief Legal Officer of the Government of Guam under the U.S. Congress' Organic Act of Guam to review under 5 GCA § 5150 all procurements over $500,000 for both form and legality relating to the MCC project. 48 U.S.C. § 1421g(d)(1). [ECF 7, 7-1]. GPA's request for the assignment of allegedly "conflict-free counsel" to replace the Attorney General simply because GPA disagrees with the Attorney General's legal opinion, which possesses unique statutory significance in Guam law, on the legality of the MMC project as structured would eviscerate the Attorney General's exclusive role in the review and approval of procurements. *Note* 5 GCA § 30107 (*AG legal opinions*). It would also open a Pandora's Box for any agency to sue whenever it disagreed with an Attorney General's opinion on the legality of a proposed procurement.

In the instant case, Petitioner GPA seeks to remove Respondent Attorney General from passing on the legality of procurements awarded to Petitioner GPA relating to the MMC project

Page **2** of **12**
*Reply to Petitioner's Opposition to Attorney General's Motion to Consolidate*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 14   Filed 08/28/25   Page 2 of 12

funded by the U.S. Congress' American Rescue Plan Act of 2021 (ARPA) which Respondent Attorney General opined were illegally sub-granted by the Inorganic Consolidated Commission on Utilities ("CCU"), whose creation and existence violates Congress' Organic Act of Guam on the proper structure of this U.S. Territorial government. Specifically, their request to compel the Attorney General to appoint allegedly "conflict-free" counsel to review certain GPA procurements violates Congress' 1950 Organic Act of Guam (Title 48 USC Chapter 8A) in that the CCU impermissibly obligated and expended ARPA/SLFRF funds when it "*authorized GPA's GM to sign a subgrant agreement with GEDA [footnote omitted] $35,448,983.87 in SLFRF monies to provide funding for the installation of electrical power infrastructure project in Mangilao.*" [ECF 4, 4-1].

In *Government of Guam; Douglas B. Moylan, Attorney General of Guam v. Lourdes A, Leon Guerrero, Governor of Guam; and Guam Housing and Urban Authority*, District Court of Guam Case No. 1:24-cv-00029, which was filed on December 20, 2024 and well before GPA sued in Superior Court, the Attorney General seeks to prohibit Defendants Lourdes A. Leon Guerrero, Governor of Guam, the Guam Housing and Urban Renewal Authority (respectively, "**Governor**" and "**GHURA**"), and "*all state officials under her control … from transferring, encumbering, committing, expending or appropriating any additional funds out of the state American Recovery Plan Act account in the state treasury, the State and Local Fiscal Recovery Fund account in the state treasury ("ARPA/SLFRF account" or "SLFRF account"), or any other account which holds ARPA or SLFRF funds (or funds 11 borrowed or originated from such funds) for the purposes of obtaining any land or other property via purchase or condemnation absent express legislative authorization and appropriation*" on behalf of and to

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **3** of **12**
*Reply to Petitioner's Opposition to Attorney General's Motion to Consolidate*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 14   Filed 08/28/25   Page 3 of 12

protect the Government of Guam, which is the Attorney General of Guam's client. (emphasis supplied by counsel) [ECF No. 1, ¶ 16]. 48 U.S.C. § 1421g(d)(1). (AG shall be Chief Legal Officer of the Govt. of Guam).

That complaint[1] sets forth nine (9) counts alleging specific instances where the Governor and/or GHURA has or continues to violate the Organic Act of Guam[2] and ARPA/SLFRF by obligating and expending ARPA/SLFRF funds to develop the MMC project, a project that does not comply with the strict requirements of ARPA/SLFRF thus placing the Government of Guam at risk of having the monies "*clawed back*" by the United States Treasury Department. The Governor's obstinance in refusing to cure the many legal deficiencies in the implementation of the MMC project spawned court cases[3] currently pending in the Superior Court of Guam involving private entities challenging the condemnation of their properties and, further, imperils the funds which remain at risk of being "*clawed back*" by the United States Treasury Department for failing to abide by the strict requirements of ARPA/SLFRF, to the detriment of the authority of the Legislature of Guam under the U.S. Congress' Organic Act of Guam to be the proper authority to obligate and appropriate monies for this U.S. Territory by

---

[1] On July 22, 2025 the Attorney General filed a Motion to File an Amended Complaint seeking to add CCU, GPA, Guam Waterworks Authority ("GWA"), and Guam Economic Development Authority ("GDA"), all of which it is alleged have conspired with the Governor to impermissibly and illegally obligate and/or expend Congress' ARPA/SLFRF funds for the MMC project. The Amended Complaint appended to the motion as Exhibit 1 alleges that each of these agencies have taken steps to obligate and/or expend Congress' ARPA/SLFRF funds to develop the MMC project since the filing of the original complaint on December 20, 2024. [ECF No. 20, 1]. This motion remains pending.

[2] 48 U.S.C. Ch. 8A, §§ 1421, *et. seq*.

[3] "The Governor obligated some $104.5 million in SLFRF funds to the establishment of a new Mangilao Medical Campus ("MMC") on three adjoining parcels of land, two acquired by condemnation, and the third purchased outright by the Guam Housing and Urban Renewal Authority (GHURA)." [Footnote 1] "These two parcels are currently the subject of an eminent domain lawsuit in *GHURA v. 169,975 Square Meters of Land*, Superior Court of Guam Case No. CV0692-24 (filed Dec. 18. 2024)." *Memorandum of Points and Authorities in Support of GPA's Verified Petition for Writ of Mandate* [ECF 4, Exhibit 1, p. 2] (hereinafter "Memo, GPA's Petition for Writ of Mandate").

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **4** of **12**
*Reply to Petitioner's Opposition to Attorney General's Motion to Consolidate*
District Court of Guam Case No. CV25-00029

1 the Government of Guam.  48 U.S.C. § 1423j.

Both actions involve common questions of law or fact relating to the legality of the obligating and expenditure of Congress' ARPA/SLFRF funds to develop the same MMC project.  The GPA action attempts to sidestep the serious illegality issues in the obligating and expenditure of ARPA/SLFRF funds for the MMC project specifically delineated in *Moylan v. Guerrero*, which was filed on December 20, 2024, <u>months before</u> GPA recently filed its lawsuit on June 12, 2025.  GPA knew of these illegalities and chose to intentionally ignore them.

## II. ARGUMENT

The three substantive points raised in Petitioner GPA's Opposition to Motion to Consolidate [ECF 8] fail to counter the indisputable fact both cases involve the same ARPA/SLFRF funds granted by the U.S. Congress which the Attorney General contends are being unlawfully obligated and expended in furtherance of the same MMC project.

*First*, Petitioner GPA argues that, assuming there are common questions of law or fact, it would be futile to consolidate these actions because this Court does not possess federal question and/or federal officer jurisdiction in the instant action. The Petitioner fails to see, however, that the question of the legality of removing a democratically-elected Attorney General "necessarily depends on [the] resolution of a substantial question of federal law[,][4]" – namely, the Organic Act of Guam - thereby absolutely vesting this Court with Federal Question jurisdiction under 28 U.S.C. §§ 1331 and 1441, and *Grable & Sons Metal Products, Inc. v. Darue*, 545 U.S. 308, 312 (2005) and Federal Officer jurisdiction under 28 U.S.C. § 1442.

---

[4] *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006).

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **5** of **12**
*Reply to Petitioner's Opposition to Attorney General's Motion to Consolidate*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 14   Filed 08/28/25   Page 5 of 12

1  The federal courts are the most appropriate forum to adjudicate Congressional intent in statutes
2  they pass because neither a territorial court nor a territorial legislature can "redefine terms used
3  in a federal statute." *Limtiaco v. Camacho*, 549 U.S. 483, 489 n. 2, 127 S. Ct. 1413, 1419, 167
4  L. Ed. 2d 212 (2007) (striking down Guam Supreme Court interpretation of the Organic Act
5  because "the Organic Act is a federal statute, which we are bound to construe according to its
6  terms," and the Supreme Court owes no deference to a territorial court's interpretation of an
7  Organic Act absent a "purely local concern."); *Sumner v. Mata*, 449 U.S. 539, 543–44, 101 S.
8  Ct. 764, 767, 66 L. Ed. 2d 722 (1981) ("even a single federal judge may overturn the judgment
9  of the highest court of a State insofar as it deals with the application of the United States
10 Constitution or laws to the facts in question."); *Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d
11 1285, 1286 (9th Cir. 1985) ("the Government of Guam is in essence an instrumentality of the
12 federal government."); *IT & E Overseas, Inc. v. RCA Glob. Commc'ns, Inc.*, 747 F. Supp. 6, 13
13 (D.D.C. 1990) ("the Ninth Circuit—the Circuit that has jurisdiction over Guam—has
14 consistently chosen to treat Guam as a federal entity."). *See also Dunston v. Mapp,* 672 F.
15 App'x 213, 214 n.1. (3d Cir. 2016) ("the District Court had federal question jurisdiction over
16 the interpretation of the [Virgin Islands] Revised Organic Act—a federal law—pursuant to 28
17 U.S.C. § 1331."); *Kendall v. Russell*, 572 F. 3d 126, 131 n. 4 (3d Cir. 2009) ("As the ROA is a
18 federal statute, the District Court had federal question jurisdiction in this case pursuant to 28
19 U.S.C. § 1331.")

20      Petitioner GPA seeks to pigeonhole the scope of Federal Question jurisdiction narrowly
21 to only instances where a claim arises under federal law. *See* Memorandum of Points and
22 Authorities in Support of Motion to Remand [ECF 7-1, p. 3] ("*Thus, a party may remove a case*

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **6** of **12**
*Reply to Petitioner's Opposition to Attorney General's Motion to Consolidate*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 14   Filed 08/28/25   Page 6 of 12

*from state or local court to the federal court when the plaintiff's complaint alleges a claim under federal law.*"). This overzealous argument fails to state that it can also arise when, as here, the adjudication of the complaint "necessarily depends on [the] resolution of a substantial question of federal law." *Id*. at 690. The relief sought by Petitioner GPA directly implicates Federal Question jurisdiction as it calls for the interpretation of the 1950 Organic Act of Guam (Title 48 U.S.C. Chapter 8A), a federal congressional act that serves as Guam's constitution. *See Guam v. Guerrero*, 290 F.3d 1210, 1216-1217 (9th Cir. 2002).

This Court, in fact, is properly vested in original jurisdiction precisely because the remedies sought by Petitioner GPA directly implicate Federal Question jurisdiction as they call for the interpretation of the 1950 Organic Act of Guam (Title 48 U.S.C. Chapter 8A), a federal congressional act that serves as Guam's constitution. *See Guam v. Guerrero*, 290 F.3d 1210, 1216-1217 (9th Cir. 2002) ("While § 1421(b) might function as a constitution *Haeuser v. Dep't of Law*, 97 F.3d 1152, 1156 (9th Cir. 1996) ('*The Organic Act serves the function of a constitution for Guam.*'), it remains quite unlike a constitution of a sovereign State. Guam is a federal instrumentality, enjoying only those rights conferred to it by Congress, and its 'Bill of Rights' is a federal statute. Not even a sovereign State may interpret a federal statute or constitutional provision in a way contrary to the interpretation given it by the U.S. Supreme Court.*"). Accordingly, Federal Question jurisdiction is properly vested in this Court.

The Attorney General of Guam and the Attorney General's Office was a recent 1998 creation by the U.S. Congress and included in the 1950 Organic Act of Guam, elevating the position of Attorney General from a creation of the Legislature of Guam, and empowering the position like that of the Governor of Guam with its own unique duties and powers (Title 48

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **7** of **12**
*Reply to Petitioner's Opposition to Attorney General's Motion to Consolidate*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 14   Filed 08/28/25   Page 7 of 12

U.S.C. Chapter 8A*). See* 48 U.S.C. § 1421g(d)(1) ("*The Attorney General of Guam shall be the Chief Legal Office of the Government of Guam.*"). This provision when read in *pari materia* with *Guam v. Guerrero*, 290 F.3d 1210, 1216-1217 (9th Cir. 2002), can lead to no other conclusion but that the Attorney General of Guam's Office, just like the Office of the Governor of Guam, are federal instrumentalities (with federal officers). The U.S. Congress' enactment allows for the democratic election of the Attorney General of Guam, which the Guam Legislature codified, thus enfranchising the voters of Guam. *See* 5 G.C.A. § 30101 (*establishment of the elected Office of the Attorney General*).[5]

Petitioner GPA's requests for relief constitute an unconstitutional attempt to amend an Act of Congress. Neither federal nor local Guam law authorizes any of the relief sought by Petitioner GPA. GPA in fact attempts to illegally divest and circumvent this federal instrumentality (office). Title 5 Guam Code Annotated § 30101(c) expressly delineates that an Attorney General of Guam may only be removed "*in the same manner as provided under the Organic Act of Guam for the removal of the [Governor].*" 48 U.S.C. § 1421g provides that the "*Attorney General may be removed by the people of Guam.... or may be removed for cause in accordance with procedures established by the legislature in law.*" 48 U.S.C. § 1422(b) *provides that a Governor "may be removed from office by referendum election .... In favor of a recall.*" Read together, these fundamental laws expressly provide for the *exclusive* remedy by the U.S. Congress of removal by means of recall.

Alternatively, Petitioner GPA's position that the Attorney General is not a Federal Officer fails because a good faith argument can be advanced that the Office of the Attorney

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **8** of **12**
*Reply to Petitioner's Opposition to Attorney General's Motion to Consolidate*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 14   Filed 08/28/25   Page 8 of 12

General of Guam qualifies as a federal officer under 28 U.S.C. § 1442. The Attorney General was not created by the Legislature of Guam, it was the U.S. Congress that requires this position to be filled to serve Congress' duty to manage its U.S. Territory of Guam. U.S. Const. art. IV, § 3, cl.2. 48 U.S.C. § 1421g(d)(1). Having been established by Congress' Organic Act of Guam and subject to general supervision by the appointed office of the United States Secretary of the Interior[6] qualifies the Attorney General as an "inferior officer" under the Appointments Clause of the U.S. Constitution. *See* U.S. Const. Art. II, Sec. 2, Clause 2 ("…*but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of law, or in the Heads of Departments.*"); see also *Limtiaco v. Camacho*, 549 U.S. 483 (2007) (analysis focused on federal vigilance of Guam's adherence to Organic Act to protect US financial stake). The Attorney General contends, in good faith, that any officeholder of the Office of the Attorney General of Guam qualifies as a federal officer subject to 28 U.S.C. § 1442 under *Edmond v US,* 520 US 65, 663 (1997). In *Edmond v US,* 520 US 65, 663 (1997), in an opinion penned by Justice Scalia he wrote that: "*Generally speaking, "inferior officers" are officers whose work is directed and supervised at some level by others who were appointed by Presidential nomination with the Senate's advice and consent*. ..." *Id*. An important and open question exists whether an officeholder of the Office of the Attorney General of Guam qualifies as an inferior officer who qualifies for Federal Officer jurisdiction

---

[6] *See* 48 U.S.C. § 1421a ("*Guam is hereby declared to be an unincorporated territory of the United States and the capital and seat of government thereof shall be located at the city of Agana, Guam. The government of Guam shall have the powers set forth in this Act, shall have power to sue by such name, and, with the consent of the legislature evidenced by enacted law, may be sued upon any contract entered into with respect to, or any tort committed incident to, the exercise by the government of Guam of any of its lawful powers. The government of Guam shall consist of three branches, executive, legislative, and judicial, and its relations with the Federal Government in all matters not the program responsibility of another Federal department or agency, shall be under the general administrative supervision of the Secretary of the Interior.*"). (emphasis supplied by counsel).

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **9** of **12**
*Reply to Petitioner's Opposition to Attorney General's Motion to Consolidate*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 14   Filed 08/28/25   Page 9 of 12

under 28 U.S.C. § 1442.[7] The Attorney General contends that the text of the Organic Act clearly and plainly establishes him as a Federal Officer. To read that section otherwise confounds the principles of federalism, and how federal properties are managed, and the role that positions created by Congress function.

Accordingly, the relief sought by Petitioner GPA constitutes a serious constitutional challenge to the U.S. Congress' 1950 Organic Act of Guam, a federal act. Therefore, as there exists no basis to grant Petitioner GPA's Motion to Remand, it would not be futility to consolidate these actions.

*Second*, Petitioner GPA brazenly argues the two actions do not involve the same operative facts and law when in fact they each emanate from the improper obligating and expenditure of Congress' ARPA/SLFRF funds in furtherance of the same MMC project. The Petitioner's position defies credulity and suggests the lack of seriousness in their argument.

*Third*, Petitioner argues that consolidation of these two actions would cause undue delay, confusion and prejudice, yet Petitioner offers no declaration as to how the granting of the motion would outweigh the admittedly obvious interest to judicial convenience. This Court should resist Petitioner's argument presuming that consolidation would cause undue delay, confusion and prejudice without actual proof adduced by a proper declaration. For its part, the Attorney General will not speculate on this outlying argument, and emphatically recasts it thusly, that a consolidation of these actions would serve the highest interest of judicial convenience by ensuring that all matters relating to the obligating and expenditure of Congress'

---

[7] Similarly, an open question exists whether an "inferior officer" can be impeached by Congress, to wit: fall within Article II, Section 4 of the U.S. Constitution ("*The President, Vice President and all civil Officers of the United States, shall be removed from Office on Impeachment for, and Conviction of, Treason, Bribery, or other high Crimes and Misdemeanors.*").

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **10** of **12**
*Reply to Petitioner's Opposition to Attorney General's Motion to Consolidate*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029    Document 14    Filed 08/28/25    Page 10 of 12

ARPA/SLFRF funds relating to the same MMC project be litigated in the same forum to prevent the possibility of inconsistent judgments.

## III. CONCLUSION

Based upon the above facts and authorities, *supra*, and its previously filed Motion to Consolidate, Respondent Attorney General of Guam, respectfully requests an Order consolidating *Government of Guam; Douglas B. Moylan, Attorney General of Guam v. Lourdes A. Leon Guerrero, Governor of Guam; and Guam Housing and Urban Authority*, D. Guam Case No. 1:24-CV-00029 (Dec. 20, 2024) and *Guam Power Authority v. Attorney General of Guam*, D. Guam Case No. 1:24-CV-00029 (June 17, 2025).

**Respectfully submitted**, this 28th day of August 2025.

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*W. Lyle Stamps*
**WILLIAM LYLE STAMPS**
Assistant Attorney General

Page **11** of **12**
*Reply to Petitioner's Opposition to Attorney General's Motion to Consolidate*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 14   Filed 08/28/25   Page 11 of 12

# CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2025 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**MARIANNE WOLOSCHUK**
Attorney for Petitioner
Guam Power Authority
Gloria B. Nelson, Public Service Bldg.
688 Route 15, Fadian
Mangilao, Guam 96913
Office: (671) 300-6848
Fax: (671) 648-3290
mwoloschuk@gpagwa.com

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*W. Lyle Stamps*
**WILLIAM LYLE STAMPS**
Assistant Attorney General

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **12** of **12**
*Reply to Petitioner's Opposition to Attorney General's Motion to Consolidate*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 14   Filed 08/28/25   Page 12 of 12