**MARIANNE WOLOSCHUK**
Legal Counsel
Guam Power Authority
Gloria B. Nelson, Public Service Bldg.
688 Route 15, Fadian
Mangilao, Guam 96913
Ph: (671) 648-3227
Fax: (671) 648-3290
E-mail: mwoloschuk@gpagwa.com

*Attorney for the Guam Power Authority*

# IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| GUAM POWER AUTHORITY, ) | CIVIL CASE NO. 1:25-CV-00029 |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **GPA'S OPPOSITION TO MOTION TO STRIKE (FRCP 12(f))** |
| ) | |
| ATTORNEY GENERAL OF GUAM, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |

## Table of Contents

Table of Authorities ................................................................................................................ 3

I. Introduction ........................................................................................................................ 5

II. Factual and Procedural Background ................................................................................. 5

III. Argument ......................................................................................................................... 5

   A. Legal standard governing motions to strike. ................................................................. 5

   B. The motion to strike should be denied as procedurally improper. ................................ 7

   C. The motion to strike should be denied because it lacks substantive merit. .................. 8

      1.   AG Moylan lacks grounds to strike another party's legal memorandum, which in any case he has misread. ............................................................................................................. 8

      2.   The newspaper articles in GPA's writ petition supply ample evidence of AG Moylan's stance on the MMC project and thus do not support his motion to strike. ............................. 9

         a.   A legal memorandum must be opposed, not struck. ..................................................... 10

         b.   The newspaper articles support GPA's position that AG Moylan believes the MMC to be illegal. ............................................................................................................................ 10

    c.    AG Moylan's statements to the press and others are self-authenticating non-hearsay adopted admissions of a party-opponent. ........................................................................... 12

    d.    The GM's verification of the writ petition is adequate as is or alternatively the court may order GPA to cure. ................................................................................................... 13

  3.    GPA has justified its request for conflict-free counsel based on AG Moylan's conflict of interest and thus there is no reason to grant his motion to strike. ....................................... 14

  4.    The writ petition supports statements that the Governor obligated the ARPA/SLFRF funds and the funds remain unspent. ..................................................................................... 15

IV. Conclusion ............................................................................................................................. 17

Certificate of Service .................................................................................................................. 17

# Table of Authorities

**Cases**

*Barnes v. AT&T Pension Ben. Non-Bargained Program*, 718 F.Supp.2d 1167 (N.D. Cal. 2010) ............................................................................................................................................. 5

*C.Q. v. River Springs Charter Sch.*, No. 5:18-cv-01017-SJO (SHKx), 2019 WL 6331402 (C.D. Cal. Oct. 21, 2019) ................................................................................................................ 5

*Carrigan v. Cal. State Legislature*, 263 F.2d 560 (9th Cir. 1959) ................................................. 6

*Consumer Solutions REO, LLC v. Hillery*, 658 F.Supp.2d 1002 (N.D. Cal. 2009) ...................... 5

*Dairy, LLC v. Milk Moovement, Inc.*, No. 2:21-cv-02233 WBS AC, 2023 WL 3437426 (E.D. Cal. May 4, 2023) ....................................................................................................................... 4

*Dewey v. Bechthold*, 387 F.Supp.3d 919 (E.D. Wis. 2019) ........................................................... 6

*Easy Pay Solutions, Inc. v. Turner*, No. 2:24-cv-00085-SDN, 2025 WL 71703 (D. Me. Jan. 10, 2025) .......................................................................................................................................... 5

*Edwards v. Juan Martinez, Inc.*, 506 F.Supp.3d 1061 (D. Nev. 2020) .......................................... 5

*Lazar v. Trans Union LLC*, 195 F.R.D. 665 (C.D. Cal. 2000) ...................................................... 4

*Li v. Chung LLC*, Civil Action No. 3:24-cv-00025, 2025 WL 1840642 (W.D. Va. July 2, 2025) ................................................................................................................................................ 12

*Murrieta Valley Unified Sch. Dist. v. County of Riverside*, 228 Cal.App.3d 1212 (Cal. Ct. App. 1991) ........................................................................................................................................ 13

*Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402 (9th Cir. 2010) ........................................... 6

*Share Our Selves v. City of Santa Ana*, Case No. 8:23-cv-00504-DOC-KES, 2024 WL 4866815 (Sept. 30, 2024) ........................................................................................................................... 5

*State Farm Gen. Ins. Co. v. ABC Fulfillment Servs., LLC*, No. 1:15-cv-00421-KJM-JLT, 2016 WL 159229 (E.D. Cal. Jan. 13, 2016) ........................................................................................ 5

*Torres v. Super. Ct. of Guam*, No. CV-90-00049, 1990 WL 320360 (D. Guam App. Div. Oct. 26, 1990) ........................................................................................................................................ 13

*United States v. Dupree*, 706 F.3d 131 (2d Cir. 2013) ................................................................ 12

*United States v. Graham*, 47 F.4th 561 (7th Cir. 2022) ............................................................... 12

*White Inds., Inc. v. Cessna Aircraft Co.*, 611 F.Supp. 1049 (W.D. Mo. 1985) ............................ 11

*Wright v. American's Bulletin Newspaper Corp.*, No. CV 10-6118-PK, 2011 WL 2213722 (D. Ore. May 5, 2011) ....................................................................................................................... 7

**Statutes**

7 GCA § 31203 ............................................................................................................................. 13

Cal. Civ. Proc. Code § 1086 ........................................................................................................ 13

**Other Authorities**

Joe Taitano II, *AG: Spending on new hospital illegal, funds could be 'clawed back' from vendors*, Pacific Daily News (Mar. 4, 2025) <https://www.guampdn.com/news/ag-spending-on-new-hospital-illegal-funds-could-be-clawed-back-from-vendors/article_5a5875cc-f7fe-11ef-9fe7-dba81a19f04e.html> .............................................................................................. 10

Joe Taitano II, *Moylan: GovGuam employees should contact AG's office for guidance on hospital project*, Pacific Daily News (Apr. 21, 2025) < https://www.guampdn.com/news/ag-spending-on-new-hospital-illegal-funds-could-be-clawed-back-from-vendors/article_5a5875cc-f7fe-11ef-9fe7-dba81a19f04e.html> ............................................... 11

U.S. Dep't of Treasury website <https://home.treasury.gov/policy-issues/coronavirus/assistance-for-state-local-and-tribal-governments/state-and-local-fiscal-recovery-funds>.................... 8, 15

**Rules**

CVLR 7(b) ................................................................................................................................ 7

Fed. R. Civ. P. 12(f).................................................................................................................. 4

Fed. R. Civ. P. 7(a) .................................................................................................................. 5

Fed. R. Evid. 801(d).................................................................................................................. 11

Fed. R. Evid. 902(6)............................................................................................................. 12, 15

## I. Introduction

On August 7, 2025, respondent Douglas B. Moylan, Attorney General of Guam, filed a motion to strike under FRCP 12(f). (ECF No. 10). Petitioner Guam Power Authority (GPA) hereby opposes the motion, because it is procedurally improper and further it lacks merit.

## II. Factual and Procedural Background

On June 12, 2025, GPA filed a petition for writ of mandamus in the Superior Court of Guam in Case No. SP0089-25, seeking to compel AG Moylan to appoint conflict-free counsel to conduct a review of GPA's procurement under 5 GCA § 5150.

AG Moylan removed GPA's case to the district court on June 17, 2025. (ECF No. 1). GPA moved to remand to the Superior Court on July 17, 2025. (ECF No. 7). The motion to remand is fully briefed and remains pending before this court.

AG Moylan now moves to strike parts of GPA's petition for writ of mandate (ECF No. 1), memorandum in support of the petition (ECF No. 1-1), as well as parts of its motion to remand. (ECF No. 7). GPA opposes AG Moylan's motion to strike.

## III. Argument

**A. Legal standard governing motions to strike.**

Rule 12(f) of the Federal Rules of Civil Procedure provides in pertinent part that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts generally view motions to strike with disfavor, *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000), "[b]ecause motions to strike are often used as delaying tactics, . . . and [thus] are rarely granted in the absence of prejudice to the moving party." *Dairy, LLC v. Milk Moovement, Inc.*, No. 2:21-cv-02233 WBS AC, 2023 WL 3437426, at *4 (E.D. Cal. May 4, 2023). The decision

whether to strike material lies within the discretion of the court. *Edwards v. Juan Martinez, Inc.*, 506 F.Supp.3d 1061, 1076 (D. Nev. 2020) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)).

For purposes of Rule 12(f), redundant matter refers to matter that is literally superfluous. *State Farm Gen. Ins. Co. v. ABC Fulfillment Servs., LLC*, No. 1:15-cv-00421-KJM-JLT, 2016 WL 159229, at *2 (E.D. Cal. Jan. 13, 2016). Immaterial matter "has no essential or important relationship to the claim for relief pleaded." *Barnes v. AT&T Pension Ben. Non-Bargained Program*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010). Impertinent matter "does not pertain and is not necessary to the issues in question in the case." *Id.* Scandalous matter "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court". *Consumer Solutions REO, LLC v. Hillery*, 658 F.Supp.2d 1002, 1020 (N.D. Cal. 2009) (cleaned up).

By its terms, Rule 12(f) applies only to "pleadings". Rule 7(a) defines pleadings to include a limited set of seven types of documents, such as complaints, answers, and, if ordered, replies. Fed. R. Civ. P. 7(a). Petitions, legal memoranda, and motions do not fall within the definition of a pleading. *C.Q. v. River Springs Charter Sch.*, No. 5:18-cv-01017-SJO (SHKx), 2019 WL 6331402, at *12 (C.D. Cal. Oct. 21, 2019) (noting that briefs and motions are not pleadings under Rule 7(a) and therefore not subject to Rule 12(f)) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983) (stating that "only pleadings are subject to motions to strike.")); *see Easy Pay Solutions, Inc. v. Turner*, No. 2:24-cv-00085-SDN, 2025 WL 71703, at *10 (D. Me. Jan. 10, 2025) (finding that "a petition to compel arbitration is not a pleading"); *see also Share Our Selves v. City of Santa Ana*, Case No. 8:23-cv-00504-DOC-KES, 2024 WL 4866815, at *13 (Sept. 30, 2024) (describing a petition for writ of mandate not as a

complaint but as "a judicial procedure where a court can order a[] . . . person to perform an act that the law specifically requires as a duty resulting from an office").

Here, the motion to strike should be denied because it is procedurally improper and lacking in substantive merit.

**B. The motion to strike should be denied as procedurally improper.**

AG Moylan attacks GPA's filings under Rule 12(f), namely, the petition for writ of mandate (ECF No. 1), memorandum of law in support of petition (ECF No. 1-1), and motion to remand (ECF No. 7). None of the filings at issue meets the definition of a pleading under Rule 7(a). Because Rule 12(f) can only be asserted against pleadings, that rule does not apply here and cannot supply grounds to strike. For that reason alone, the court should refuse to entertain AG Moylan's motion to strike.

Even if AG Moylan can assert grounds to strike based on the court's "inherent authority to control [its] docket" in order "to achieve the orderly and expeditious disposition of cases", *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (citation and quotation marks omitted), he failed to raise that argument in his motion and thus has waived it. *Dewey v. Bechthold*, 387 F.Supp.3d 919, 922 (E.D. Wis. 2019) ("[W]hen a party fails to raise an argument, that argument is deemed waived."). If the court chooses to entertain such argument, the court should nevertheless deny the motion because AG Moylan has not made the necessary showing that the challenged filings contain redundant, immaterial, impertinent, or scandalous matter. *See Carrigan v. Cal. State Legislature*, 263 F.2d 560, 564 (9th Cir. 1959) (discussing court's inherent power to strike briefs and pleadings "as either scandalous, impertinent, scurrilous, and/or without relevancy").

Because AG Moylan's motion to strike is procedurally improper, it should be denied.

**C. The motion to strike should be denied because it lacks substantive merit.**

In addition to its procedural flaws, AG Moylan's motion to strike also lacks substantive merit as shown below.

### 1. AG Moylan lacks grounds to strike another party's legal memorandum, which in any case he has misread.

AG Moylan objects to the following statement in GPA's memorandum of law in support of the motion to remand: "The project will be paid for with a portion of Guam's share of federal grant monies from the American Rescue Plan Act (ARPA) Coronavirus State and Local Fiscal Recovery Funds (SLFRF)." (ECF 7-1 at 1-2). The objection is based on his contention that the writ petition contains "[n]o analogous paragraph . . . indicating that the project is partially funded by ARPA/SLFRF funds." (ECF No. 10 at 3).

First, a memorandum of law contains a party's interpretation of the relevant facts and legal argument in support of a position. "A legal memorandum contains *legal argument*—that is, a statement of the underlying facts material to the issue raised by the motion, a statement of the governing law applicable to the issue raised by the motion, and the moving party's explanation of how the governing law should be applied to the material facts to produce the moving party's requested resolution of the issue raised by the motion." *Wright v. American's Bulletin Newspaper Corp.*, No. CV 10-6118-PK, 2011 WL 2213722, at*7 (D. Ore. May 5, 2011). As such, moving to strike the other party's memorandum in whole or in part because one disagrees with it is not a proper response. Any objections to the memorandum should be handled by drafting and submitting a memorandum of one's own in opposition. *See, e.g.,* CVLR 7(b) ("Each motion or response thereto shall be accompanied by a memorandum of points and authorities".).

Second, a careful reading shows that GPA has stated that the project will be paid for with a portion of Guam's share of ARPA/SLFRF funds. Under ARPA, the federal government delivered billions of dollars in SLFRF funds to the state, territorial, local, and Tribal governments across the country. *See* U.S. Dep't of Treasury website <https://home.treasury.gov/policy-issues/coronavirus/assistance-for-state-local-and-tribal-governments/state-and-local-fiscal-recovery-funds>. Guam received a portion of the total funding. GPA, in turn, was granted a portion of the funding allocated to Guam. Thus, the project is paid for with a portion of Guam's share of ARPA/SLFRF funds. This means that the project is fully funded by ARPA/SLFRF funds. AG Moylan's misreading, that the project is partially funded by ARPA/SLFRF funds, is incorrect.

Since this objection lacks merit, the court should deny AG Moylan's motion to strike on this basis.

**2. The newspaper articles in GPA's writ petition supply ample evidence of AG Moylan's stance on the MMC project and thus do not support his motion to strike.**

AG Moylan objects to the following statement in GPA's memorandum of law in support of the motion to remand: "Upon learning of these plans, the Attorney General went on the record publicly as being opposed to the project. He made repeated statements to the press voicing his opposition to it." (ECF No. 7-1 at 2). The basis for the objection is lack of eyewitness evidence that AG Moylan stated he was "opposed to the [MMC] project" or expressed "opposition to it", (ECF No. 10 at 3-4), and that two of the newspaper articles referenced in GPA's writ petition, (ECF No. 1-2 at 18 & 20, 123-126 & 151-154 (Writ Pet. ¶¶ 10 Ex. C & 19 Ex. J)), do not ascribe such words to AG Moylan.

Page 9
*GPA's Opposition to Motion to Strike (FRCP 12(f))*
District Court Case No. 1:25-CV-00029

### a. A legal memorandum must be opposed, not struck.

First, as noted above, the proper response to a legal memorandum is to file an opposition, not a motion to strike.

### b. The newspaper articles support GPA's position that AG Moylan believes the MMC to be illegal.

Second, AG Moylan complains that one of the articles referenced by GPA in its writ petition "only contains a handful of verbatim quotes attributed to Respondent Attorney General, none of which Petitioner GPA cites in their pleadings; all of which exculpate him from having pre-judged the project; and all of which show he took a principled objective approach albeit signaling some legal reservations on the legality of the project's structure." (ECF No. 10 at 4 n.2). This is not supported by the facts.

The newspaper article at issue leaves the reader with the distinct impression that AG Moylan opposes the MMC project and has judged it illegal. The headline reads: "AG: Spending on new hospital *illegal*, funds could be 'clawed back' from vendors". (ECF No. 1-2 at 123 (Writ Pet. Ex. C at 1)) (emphasis added). Inside, the story relies extensively on statements from AG Moylan:

> *Attorney General Douglas Moylan says* government officials may be *subject to criminal prosecution* and vendors could see money "clawed back" if any funding is put towards the *"illegal project" of constructing a hospital in Mangilao*.
> *Moylan said* government officials who could certify the spending of any funds on the hospital project and any vendors have been put on notice that the *Office of the Attorney General considers the project illegal*.
> . . . .
> *The AG has already promised not to approve any contract for the construction of the new hospital.*
> Now, *Moylan says* his office believes any use of funds towards the project will itself be *illegal*.
> . . . .

Page 10
*GPA's Opposition to Motion to Strike (FRCP 12(f))*
District Court Case No. 1:25-CV-00029

> "When any certifying officer receives a notice from an attorney general that's empowered and elected by the people of Guam that an act is *illegal*, they better look twice," *Moylan said*, when asked about the projects.
>
> . . . .
>
> *Moylan said* the utilities' advice from their own attorneys "does not obviate them from the importance and significance of an *attorney general opinion saying it's illegal*."
>
> "If they continue to proceed, and the people of Guam are hurt with the loss of money, millions of dollars. *They're not just going to walk away* from this," *Moylan said*.
>
> . . . .
>
> *Moylan said* any future action on the hospital project spending will be decided at the discretion of *prosecutors and the Government Corruption Division* at his office.

(ECF No. 1-2 at 124-126 (Writ Pet. Ex. C at 2-4)) (emphasis added); *see* Joe Taitano II, *AG: Spending on new hospital illegal, funds could be 'clawed back' from vendors*, Pacific Daily News (Mar. 4, 2025) <https://www.guampdn.com/news/ag-spending-on-new-hospital-illegal-funds-could-be-clawed-back-from-vendors/article_5a5875cc-f7fe-11ef-9fe7-dba81a19f04e.html>.

Whether or not the article contains direct quotes, the fact is that the article's author received a good deal input from AG Moylan, given how many statements are attributed to him. The article was published months ago. If it was inaccurate, AG Moylan should by now have demanded and received a retraction. He has not done so, as evidenced by the unchanged webpage, cited above, where the article can still be found to this day.

The second article likewise attributes statements to AG Moylan, unchallenged by him, that the project is "illegal" and that the utilities "have both been notified that they will be held criminally liable if they move to start infrastructure work at the hospital, Moylan said." (ECF No. 1-2 at 152-153 (Writ Pet. Ex. J at 2-3)); *see* Joe Taitano II, *Moylan: GovGuam employees should contact AG's office for guidance on hospital project*, Pacific Daily News (Apr. 21, 2025)

< https://www.guampdn.com/news/ag-spending-on-new-hospital-illegal-funds-could-be-clawed-back-from-vendors/article_5a5875cc-f7fe-11ef-9fe7-dba81a19f04e.html>.

In addition, GPA in its writ petition stated that AG Moylan's deputy sent a threatening letter to the General Manager of the Guam Waterworks Authority. (ECF No. 1-2 at 127 (Writ Pet. Ex. D)). The AG letter states that, as the certifying officer, the GM "may be held personally and criminally culpable", and that the CCU's authorization of "ratepayer/taxpayer funds to expend on this Mangilao medical facility" is "illegal, and is now under criminal investigation." *Id.*

As well, in the motion to strike itself, AG Moylan states that GPA seeks the appointment of conflict-free counsel because "it disagrees with his legal opinion on the legality of the project as structured" (ECF No. 10 at 6). Thus, AG Moylan admits having formed an unfavorable opinion of the project.

### c. AG Moylan's statements to the press and others are self-authenticating non-hearsay adopted admissions of a party-opponent.

Third, AG Moylan argues that GPA is attempting to introduce hearsay evidence without foundation. But the Federal Rules of Evidence provide that the admissions of a party opponent are not hearsay. *See* Fed. R. Evid. 801(d) (governing statements that are not hearsay). Thus, a court may receive statements as adoptive, authorized or vicarious admissions of a party opponent under Rule 801(d)(2)(B), (C) or (D), provided that "the surrounding circumstances must demonstrate that the party has manifested his adoption or belief in the truth of the statement." *White Inds., Inc. v. Cessna Aircraft Co.*, 611 F.Supp. 1049, 1062 (W.D. Mo. 1985) (cleaned up).

In this case, AG Moylan is the respondent, i.e., the party-opponent. He has made numerous statements to the press. To this day, he has not controverted them. He has sent the

Page 12
*GPA's Opposition to Motion to Strike (FRCP 12(f))*
District Court Case No. 1:25-CV-00029

GM of GWA a letter reinforcing his position. Under the circumstances, the court can find that AG Moylan has adopted the statements attributed to him in the press. Since AG Moylan is a party-opponent, his statements are admissions, not hearsay. Moreover, as the statements appear in a newspaper of record, they are self-authenticating. Fed. R. Evid. 902(6).

### d. The GM's verification of the writ petition is adequate as is or alternatively the court may order GPA to cure.

Finally, AG Moylan argues that the court cannot consider the newspaper articles because GPA's GM cannot testify to the truth of the matters asserted therein because he lacks personal knowledge. According to AG Moylan, only the news reporter can testify to the truth of the matters asserted in AG Moylan's statements. This is doubly incorrect because, as shown above, AG Moylan's statements are non-hearsay admissions, which establishes their truth, whereas the reporter's repetitions would amount to hearsay. Nevertheless, the GM has sworn not to the truth of the matters in the newspaper articles, but to their existence, and he can testify to their effect on him. *See United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) (statement offered to show it was made is not hearsay); *United States v. Graham*, 47 F.4th 561, 567 (7th Cir. 2022) (statement offered to show effect on listener is not hearsay).

AG Moylan criticizes the language used in the GM's verification of the writ petition. (ECF No. 10 at 3 n.1). The language is based on verifications used for years by many attorneys at the Office of the Attorney General and accepted by the Superior Court of Guam, where the writ petition was originally filed. If the verification does not adequately support the personal knowledge of the attestant in district court, then the remedy is for the court to order the attestant to revise the language of the verification, not to strike the filing. *See Li v. Chung LLC*, Civil Action No. 3:24-cv-00025, 2025 WL 1840642, at *3 (W.D. Va. July 2, 2025) (cleaned up) ("Courts generally hesitate to strike unsigned filings without providing an opportunity to cure or

a showing of severe prejudice. This hesitation aligns with federal courts' preference in favor of resolving cases on their merits instead of disposing of them on technicalities.")

Moreover, Guam's statute governing the writ of mandate provides that the writ "must be issued on the verified petition of the party beneficially interested." 7 GCA § 31203. This law is based on section 1086 of the Civil Procedure Code. *See* 7 GCA § 31203, Source. "[A]lmost all of Guam's Civil Procedure Code was lifted directly from California's Code of Civil Procedure." *Torres v. Super. Ct. of Guam*, No. CV-90-00049, 1990 WL 320360, at *3 n.3 (D. Guam App. Div. Oct. 26, 1990). Therefore, California law is persuasive in interpreting Guam's writ statute.

California's writ statute, like Guam's, provides that the writ "must be issued on the verified petition of the party beneficially interested." Cal. Civ. Proc. Code § 1086. In California, the courts have interpreted the writ law to exempt public entities from the verification requirement of section 1086. *Murrieta Valley Unified Sch. Dist. v. County of Riverside*, 228 Cal.App.3d 1212, 1223 (Cal. Ct. App. 1991). The courts of Guam may do the same. If Guam courts adopt California practice, then GPA is exempt from the verification requirement for its writ petition.

Nothing in AG Moylan's second objection gives the court a reason to strike any part of GPA's filings. His motion should therefore be denied.

**3. GPA has justified its request for conflict-free counsel based on AG Moylan's conflict of interest and thus there is no reason to grant his motion to strike.**

AG Moylan objects to the following statement in GPA's memorandum of law in support of the motion to remand: "Due to the Attorney General's conflict of interest from having formed an opinion that would prevent him from conducting a dispassionate review of GPA's MMC procurement, GPA asked the Attorney General to appoint conflict-free counsel to represent GPA in section 5150 review." (ECF No. 7-1 at 2). AG Moylan bases his objection on the lack of

an assertion in the writ petition that this is what motivated GPA to request the appointment of conflict-free counsel.

As noted above, the proper response to a legal memorandum is to file an opposition, not a motion to strike.

As to AG Moylan's claim, it entirely lacks merit. As noted above, AG Moylan's statements to the press constitute admissions. GPA's petition outlines, in detail, with supporting documentation, how AG Moylan repeatedly stated publicly that the MMC project was illegal, creating a conflict of interest which prevented him from properly advising GPA under 5 GCA § 5150 in its procurement. The prayer for relief then asks the court to issue a writ compelling AG Moylan to assign conflict-free counsel and place himself and his direct reports behind a conflict wall.

Since this objection lacks merit, the court should deny AG Moylan's motion to strike on this basis.

### 4. The writ petition supports statements that the Governor obligated the ARPA/SLFRF funds and the funds remain unspent.

AG Moylan objects to the following statements in GPA's memorandum of law in support of the motion to remand: "Referencing the Organic Act does not turn GPA's writ action into a matter of federal question jurisdiction. Further, the CCU did not obligate the SLFRF funds; the Governor did. The CCU did not expend the funds; the funds remain unspent. . . . Further, GPA did not obligate the SLRFRF funds; the Governor did. GPA did not expend the funds; the funds remain unspent." (ECF 7-1 at 7-8). AG Moylan bases his objection on the alleged lack of support for them in the writ petition or other declarations. Elsewhere, AG Moylan claims that these statements and others violate local rule CVLR 7(b) because they contain "facts not appearing of record."

Again, these statements are argument. The proper response to a legal argument is to file your own, not move to strike.

Facts in the writ petition "appear in the record" and may be used to support the motion to remand. AG Moylan concedes as much throughout his motion when he (erroneously) alleges that certain facts in GPA's memorandum do not appear in the writ petition.

According to the U.S. Treasury, ARPA/SLFRF funds had to be obligated by the firm deadline of December 31, 2024. *See* U.S. Dep't of Treasury website <https://home.treasury.gov/policy-issues/coronavirus/assistance-for-state-local-and-tribal-governments/state-and-local-fiscal-recovery-funds>. Attached to the writ petition as Exhibit C is a news story which states that the Governor obligated some $104.5 million for the MMC project. (ECF No. 1-2 at 124 (Ex. C at 2)). As noted above, the news story is self-authenticating. Fed. R. Evid. 902(6).

In addition, Exhibit A to the writ petition includes the grant agreement, dated December 27, 2024, just before the deadline expired, by which DOA—a line agency which answers to the Governor—obligated and granted to GEDA the $104.5 million. (ECF No. 1-2 at 30 (Ex. A at 7)). The grant budget shows that, of the $104.5 million, $35 million is allocated to GPA projects, and $26 million plus $36 million to GWA projects. (ECF No. 1-2 at 49-50 (Ex. A at 26-27)).

GPA has documented in its writ petition, through letters to and from AG Moylan, its attempts to have AG Moylan appoint conflict-free counsel to review GPA's procurement prior to spending the ARPA/SLFRF funds. AG Moylan refuses to make the appointment. Logically, since GPA's procurement has not been reviewed, it could not have and has not spent the funds. The insinuation that GPA has improperly spent the federal funds before its procurement has

Page 16
*GPA's Opposition to Motion to Strike (FRCP 12(f))*
District Court Case No. 1:25-CV-00029

Case 1:25-cv-00029 Document 15 Filed 08/28/25 Page 16 of 17

undergone section 5150 review is scandalous matter that unnecessarily reflects on the moral character of the people who work at GPA. It is AG Moylan who has produced and filed in this court matter subject to a motion to strike.

Nothing in AG Moylan's fourth objection supplies the court with any reason to strike any part of GPA's filings. His motion should therefore be denied.

## IV. Conclusion

In light of the foregoing, AG Moylan has failed to make the necessary showing. The court should therefore deny his motion to strike parts of GPA's filings

Respectfully submitted this 28th day of August, 2025.

*Attorney for the Guam Power Authority*

By: \_\_/s/_____
**Marianne Woloschuk**
GPA Legal Counsel

## Certificate of Service

I certify that on August 28, 2025, I electronically filed the foregoing document with the Clerk of Court for the District Court of Guam using the CM/ECF system which will send notification of such filing to all counsel and parties of record:

Willam Lyle Stamps, Assistant Attorney General
Offices of the Attorney General of Guam
134 W. Soledad Avenue
Bank of Hawaii Building, 3rd Floor, Suite 301
Hagåtña, Guam 96910
Email: wstamps@oagguam.org
Counsel for Respondent Attorney General of Guam

Executed at Mangilao, Guam, on August 28, 2025.

\_\_/s/_____
Marianne Woloschuk

Page 17
*GPA's Opposition to Motion to Strike (FRCP 12(f))*
District Court Case No. 1:25-CV-00029

Case 1:25-cv-00029     Document 15     Filed 08/28/25     Page 17 of 17