

**Douglas B. Moylan**
**Attorney General of Guam**
**Office of the Attorney General**
Civil Division
134 W. Soledad Avenue, Ste. 302
*Hagåtña*, Guam 96910 • USA
671-475-2710 (tel) • 671-477-2493 (fax)
www.guamattorneygeneral.org

**Attorneys for the People of Guam**

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | | |
|---|---|---|
| GUAM POWER AUTHORITY, | ) | Civil Case No. 1:25-cv-00029 |
| | ) | |
| Petitioner, | ) | |
| | ) | **Respondent's Reply to Opposition** |
| vs. | ) | **to Motion to Strike** |
| | ) | **and Memorandum of Law** |
| ATTORNEY GENERAL OF GUAM, | ) | |
| | ) | **(Fed.R.Civ.P. 12(f))** |
| Respondent. | ) | |
| | ) | |

Respondent ATTORNEY GENERAL OF GUAM ("Attorney General"), pursuant to CVLR 7, replies to Petitioner GUAM POWER AUTHORITY's ("GPA's") Opposition to Motion to Strike [ECF 15] and, hereby, reiterates his request that this Court enter an order striking certain *factual* allegations contained in GPA's Memorandum of Points and Authorities in Support of Motion to Remand ("Memorandum") [ECF 7-1] and Verified Petition for Writ of Mandate ("Writ Petition") [ECF 1-2], each of which lack the proper evidentiary foundation under CVLR 7(b) and the Federal Rules of Evidence to be considered by this Court in determining GPA's Motion to Remand [ECF 7], and as grounds therefore, states:

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **1** of **12**
*Respondent's Reply to Opposition to Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 17   Filed 09/11/25   Page 1 of 12

## I. INTRODUCTION

The Attorney General seeks to strike *factual* allegations contained in GPA's Memorandum [ECF 7-1] that do not appear in the record and are unsupported by a declaration pursuant to CVLR 7(b). Next, he seeks to strike *factual* allegations improperly derived from articles authored by Reporter Joe Taitano II and published in the March 4, 2025 and April 21, 2025 editions of the *Pacific Daily News* (the "articles") to which John M. Benevente, P.E., GPA's General Manager, did not have personal knowledge and for which he could not have attested as true and correct under penalty of perjury. [ECF 1-2, ¶ 10, p. 3, lines 18-21 and ¶ 19, p. 5, lines 7-11]. Notably, GPA failed to append a declaration from Reporter Joe Taitano II.

## II. LEGAL STANDARD

Aside from Fed. R. Civ. P. 12(f)[1], this Court possesses inherent power to enforce local rules of practice by striking non-compliant submissions. *See Goodyear Tire & Rubber Co. v. Haeger,* 581 U.S. 101, 107 (2017) *("Federal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); Ready Transp., Inc. v. AAR, Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (district courts have inherent power to control their dockets), *Gaskins v. Baltimore City Pub. Schs.*, No. JKB-15-2961, 2016 WL 192535 * 3 (D. Md. Jan. 15, 2016) (district courts possess inherent power to strike documents other than pleadings for just cause) (citing *Iota XI Chapter of Sigma Chi Fraternity v. Patterson*, 566 F.3d 138, 149-50 (4th Cir. 2009); *Superior Production Partnership v. Gordon Auto Body Parts Co., Ltd.*, No. 06-cv-916, 2008 WL 2230774 (S.D. Ohio May 28, 2008). Accordingly, we urge this Court to strike these

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **2** of **12**
*Respondent's Reply to Opposition to Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 17   Filed 09/11/25   Page 2 of 12

unsupported allegations pursuant to Fed. R. Civ. P. 12(f), and its inherent power to enforce CVLR 7(b) and other rules of this Honorable Court[2].

Notwithstanding clear authority for the Court's inherent power, GPA insists that the motion to strike should be denied because it is procedurally improper and lacking in substantive merit. [ECF 15 at 5 and 7]. It is GPA's position in fact that lacks merit. The Attorney General's motion raises serious evidentiary issues principally related to GPA's use of unsubstantiated attributions to the Attorney General contained in the articles cited in the Writ Petition and further unsupported factual allegations contained in the Memorandum.

*First*, GPA suggests that unsupported factual allegations in a memorandum of law cannot ever be stricken by the courts and that an opposing party is free to simply file an opposition. Here, the Attorney General filed an opposition *and* a motion to strike. GPA appears to have lost sight that district courts possess inherent power to strike matters that violate the not only the Federal Rules of Civil Procedure but also the Civil Local Rules and the General Local Rules. Parts of the Memorandum violate CVLR 7(b) and, as such, this Court is empowered to strike those parts.

---

[1] *Igarashi v. H.I.S. Guam, Inc*., 2023 WL 1779830 *2 (D. Guam 2023); *See Whittlestone, Inc. v. Handi-Craft Co*., 618 F.3d 970, 973 (9th Cir. 2010) ("*a motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.*").

[2] Federal Rule of Civil Procedure 83(1) empowers district courts to "adopt and amend rules governing its practice." As it relates to non-compliance with the rules, this District has adopted the following ones: (A) CVLR 1(c) - "These rules supplement the Federal Rules of Civil Procedure and shall be construed so as to be consistent with those rules and to promote the just, efficient, and economical determination of every action and proceeding;" (B) CVLR 11 - "Failure of counsel or of a party to comply with any provisions of these local rules is a ground for imposition of sanctions consistent with the Federal Rules of Civil Procedure and the General Local Rules,"; and (C) GNLR 2.1(a) - "**The violation of or failure to conform to any of these Local Rules, the Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, Federal Rules of Appellate Procedure, the Admiralty Rules, and the Bankruptcy Rules shall subject the offending party or counsel to such penalties, including monetary sanctions and/or the imposition of costs and attorneys' fees to opposing counsel, as the Court may deem appropriate under the circumstances." Accordingly, this Court has the power to strike the unsupported factual allegations.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **3** of **12**
*Respondent's Reply to Opposition to Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 17   Filed 09/11/25   Page 3 of 12

*Second*, GPA argues that even if the Rule 12(f) motion is well-taken, the Attorney General waived such argument because presumably it was not raised in his motion. [ECF 15 at 7]. In the District Court of Guam, "[e]ach motion or response thereto <u>shall</u> be accompanied by a memorandum of points and authorities ...." CVLR 7(b). Therefore, a memorandum of law is considered part of a response (opposition) or motion. Further, the docket shows that on August 8, 2025, the Attorney General filed the Motion to Strike [ECF 10] <u>first</u>, followed by his timely-filed Response to Motion to Remand on the same date [ECF 11]. It cannot be found that he did not raise GPA's non-compliance with the local rules at the first opportunity. He waived nothing. Further, the Attorney General cannot "*waive*" the Court's inherent power to enforce its own local rules. Accordingly, this argument fails.

## III. UNSUPPORTED FACTUAL ALLEGATIONS

The Attorney General urges this Court to strike the unsupported factual allegations contained in GPA's Memorandum. In addition, he seeks to strike those factual allegations in the Writ Petition pleading that lack any evidentiary foundation and which GPA has used in its Motion to Remand and Memorandum:

**Unsupported Factual Allegation No. 1**

The Attorney General moves to strike the following factual unsupported allegation: "The project will be paid *for with a portion* of Guam's share of federal grant monies from the American Rescue Plan Act (ARPA) Coronavirus State and Local Fiscal Recovery Funds (SLFRF)." [ECF 7-1, p. 2] (underscoring added by undersigned counsel). No analogous paragraph appears in the Writ Petition indicating that the project is partially funded by ARPA/SLFRF funds. Further, neither the Motion to Remand nor the Memorandum contain a declaration pursuant to CVLR 7(b) attesting to this "fact not appearing of record."

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **4** of **12**
*Respondent's Reply to Opposition to Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029 Document 17 Filed 09/11/25 Page 4 of 12

The factual distinction between being fully or partially funded by ARPA/SLFRF funds bears relevance to the Attorney General's assertion of federal question jurisdiction. In its Amended Notice of Removal, he asserts this action "turns on substantial questions of federal law" and "implicate significant federal issues" related to whether GPA has impermissibly obligated or expended ARPA/SLFRF funds. [ECF 4 at 2]. GPA counters that the allegation meant that GPA's "project" is fully funded by ARPA/SLFRF funds and that the Attorney General misread it as meaning the entire MMC project. [ECF 15 at 8]. If ambiguity exists, GPA caused it by interchangeably using of the word "project" to describe its portion of the MMC project and the entire MMC project itself in the Memorandum. Still, this factual allegation ought to have been supported by a declaration. Therefore, it must be stricken.

**Unsupported Factual Allegation No. 2**

The Attorney General moves to strike the following unsupported factual allegation: "Upon learning of these plans, *the Attorney General went on the record publicly* as being opposed to the project. *He made repeated statements to the press voicing his opposition to it*." [ECF 7-1, p. 2]. The statements "opposed to the project" and "opposition to it" lack any evidentiary foundation as no one competent to make such allegations based on an eyewitness account has executed a declaration.

Further, the two articles included in the Writ Petition do not include any such quotes ascribed to the Attorney General, specifically:

> "10. On March 4, 2025, the Pacific Daily News reported that Attorney General Moylan called the MMC an "illegal" project and "promised not to approve any contract for the construction of the new [MMC] hospital." [ECF 1-2, ¶ 10, p. 3, lines 18-21][3]

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **5** of **12**
*Respondent's Reply to Opposition to Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029  Document 17  Filed 09/11/25  Page 5 of 12

> "19. On April 21, 2025, the Pacific Daily News reported that Attorney General Moylan advised governmental employees involved in the "illegal" MMC infrastructure project should contact the OAG "for guidance."" [ECF 1-2, ¶ 19, p. 5, lines 7-11]

Lastly, these articles themselves cannot be considered as Mr. Benevente is not competent to attest to the truth of the statements. He cannot put himself in the shoes of Reporter Joe Taitano II.

These articles are the centerpiece of the GPA's case and require a thorough evidentiary scouring. GPA characterizes the statements attributed to the Attorney General in the March 5, 2025 and April 21, 2025 articles digitally published in the *Pacific Daily News* as non-hearsay party opponent admissions under Federal Rule of Evidence ("FRE") 801(d)(2)(B), (C), or (D). [ECF 15 at 12]. Further, it posits that these articles are "self-authenticating" under FRE 902(6) and suggests that the statements contained in the articles cannot be challenged on other evidentiary grounds. [ECF 15 at 13].

To be properly admitted and considered in deciding the Motion to Remand, these articles must pass through the gauntlet of authentication[4], relevance[5], hearsay[6] and original writing requirements[7].

---

[4] Fed. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.")

[5] Fed. R. Evid. 401 ("[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; (b) the fact is of consequence in determining the action."); Fed. R. Evid. 402 ("Relevant evidence is admissible unless any of the following provides otherwise: … these rules…"); and Fed. R. Evid. 403 (relevant evidence may be excluded if its probative value is substantially outweighed by a danger of unfair prejudice).

[6] Fed. R. Evid. 801 (exclusions from hearsay); 802 ("Hearsay is not admissible unless any of the following provides otherwise: a federal statute, these rules, or other rules prescribed by the Supreme Court."); and Fed. R. Evid. 803 (exceptions to the rule against hearsay).

[7] Fed. R. Evid. 1002 ("An original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise.").

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **6** of **12**
*Respondent's Reply to Opposition to Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 17   Filed 09/11/25   Page 6 of 12

*First*, the articles in The *Pacific Daily News*, a fully digital news organization that last printed on March 31, 2023[8], are not self-authenticating under FRE 902(6) ("*printed* material purporting to be a newspaper or periodical."). FRE 902(14) requires that *digital* writings be authenticated "by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902 (11) or (12) …" GPA has failed to attach any such certification.

GPA seeks to introduce the reporter's editorialized impressions of what the Attorney General allegedly imparted to him through the introduction of these articles without a declaration. Interestingly, GPA ignores the use of actual (allegedly accurate) quotes. For instance, the March 4, 2025 article contains a handful of alleged verbatim quotes[9] none of which GPA cites; all of which exculpate the Attorney General from having pre-judged the project; and all of which show he took a principled objective approach albeit signaling some legal reservations on the legality of the MMC project's structure.

*Second*, the reporter's editorialized impressions must be excluded from consideration as they are not relevant to these proceedings under FRE 401 and 402. Assuming this Court finds them to be relevant evidence, the probative value of these unsubstantiated statements, which are unsupported by a declaration from the reporter himself, would be outweighed by unfair

---

[8] https://www.guampdn.com/site/about.html

[9] The Attorney General does not vouch for the accuracy of the transcription of these quotes but highlights them to illustrate the distinction between an individual's verbatim statements and a reporter's editorialized impressions of statements made to him and the distinct evidentiary considerations that must be applied to each category. These are the quotes: (a) "*They will assume the consequences of the law if in fact they are breaking them*;" (b) "*When any certifying officer receives a notice from an attorney general that's empowered and elected by the people of Guam that an act is illegal, they better look twice*;" (c) Moylan said the utilities' advice from their own attorneys "*does not obviate them from the importance and significance of an attorney general opinion saying it's illegal*;" and (d) "*If they continue to proceed, and the people of Guam are hurt with the loss of money, millions of dollars. They're not just going to walk away from this.*"

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **7** of **12**
*Respondent's Reply to Opposition to Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 17   Filed 09/11/25   Page 7 of 12

prejudice and inherent unreliability to the Attorney General. *See* Fed. R. Evid. 403. On this record, the Attorney General has no means of probing the accuracy and veracity of these articles notwithstanding GPA's outrageous argument that his failure to request a retraction equals tacit approval of the contents. *See* ECF 15 at 11 ("The article was published months ago. If it was inaccurate, AG Moylan should by now have demanded and received a retraction. He has not done so, as evidenced by the unchanged webpage, cited above, where the article can still be found to this day.")

*Third*, the reporter's editorialized impressions constitute irrefutable hearsay under FRE 801(c). *See, e.g. United States v. Mathis*, 550 F.2d 180, 182 (4th Cir. 1976) ("A newspaper article concerning a witness to a robbery was inadmissible hearsay, even for purposes of impeachment."). Clearly, GPA intends for this Court to consider these impressions for the truth of the matters being asserted.

*Fourth*, the digital copies of these articles do not qualify as an "original writing" under FRE 1002 and GPA has failed to authenticate the digital duplicates[10] pursuant to FRE 1007 ("The proponent may prove the content of a writing…by the testimony, deposition, or written statement of the party against whom the evidence is offered."). Just as it failed to append a declaration from the reporter to its Motion to Remand to attest to the truth of the contents of the articles, it did so here as well.

**Unsupported Factual Allegation No. 3**

This Court should reject GPA's position that the following critical factual allegation is simply argument which can be reasonably inferred from the March 4, 2025 and April 21, 2025

---

[10] Fed. R. Evid. 1001(e) ("A duplicate means a counterpart produced by a mechanical…. electronic, or other equivalent process or technique that accurately reproduces the original."

Page **8** of **12**
*Respondent's Reply to Opposition to Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029 Document 17 Filed 09/11/25 Page 8 of 12

*Pacific Daily News* articles authored by Reporter Joe Taitano II. [ECF 15 at 14-15]. The Attorney General has moved to strike the following unsupported factual allegation: "*Due to the Attorney General's conflict of interest from having formed an opinion* that would prevent him from conducting a dispassionate review of GPA's MMC procurement, GPA asked the Attorney General to appoint conflict-free counsel to represent GPA in section 5150 review." [ECF 7-1, p. 2]. *First*, GPA's General Manager did not have personal knowledge and could not have attested to the truth of statements attributed to the Attorney General in the news articles as required by FRE 602,[11] as well as Guam Rules of Evidence 602[12]. [ECF 1-2, ¶ 10, p. 3, lines 18-21 and ¶ 19, p. 5, lines 7-11].

  *Second*, GPA's General Manager did <u>not</u> attest that these articles, which included comments allegedly attributed to the Attorney General expressing an opinion on the MMC project, prompted him to request the appointment of conflict-free counsel. Indeed, GPA admits that Mr. Benevente did <u>*not*</u> swear to "the truth of the matters in the newspaper articles, but to their existence, and [that therefore] he [could] testify to their effect on him" and that this was not hearsay. [ECF 15 at 13]. This begs the question: If he did not believe these articles, why would he have acted upon them? Having failed to obtain a declaration from the reporter to substantiate the truth of the alleged comments attributed to the Attorney General, GPA should be stopped from characterizing the above allegation as non-hearsay under FRE 801. GPA would have this Court recklessly dispense with the rules of evidence in rendering a decision on their Motion to Remand. Accordingly, this Court should strike the above identified statement.

---

[11] "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony."

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Page **9** of **12**
*Respondent's Reply to Opposition to Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 17   Filed 09/11/25   Page 9 of 12

**Unsupported Factual Allegations No. 4**

This Court should reject GPA's position that the following critical factual allegations regarding what party obligated and expended the ARPA/SLFRF funds are simply arguments which can be reasonably inferred from the contents of the Writ Petition. [ECF 15 at 15-17]. The Attorney General has moved to strike the following allegations because they do not appear in the Writ Petition and are otherwise unsupported by declarations from other parties:

> "Referencing the Organic Act does not turn GPA's writ action into a matter of federal question jurisdiction. Further, the CCU did not obligate the SLFRF funds; the Governor did. The CCU did not expend the funds; the funds remain unspent." [ECF 7-1, p. 7]

> "Further, GPA did not obligate the SLRFRF funds; the Governor did. GPA did not expend the funds; the funds remain unspent." [ECF 7-1, p. 8]

GPA's General Manager makes no allegation in the Writ Petition absolving CCU and GPA from any responsibility in obligating or expending the ARPA/SLFRF funds. The statement seems to place the blame on the Governor. GPA thus implicitly suggesting she should be joined as an indispensable party under Fed. R. Civ. P. 19. In fact, the Attorney General has moved to consolidate this action with *Douglas B. Moylan, Attorney General of Guam v. Guerrero,* District Court #1:24-CV-00029 as both actions involve the obligating and expenditure of the ARPA/SLFRF funds. The Attorney General has moved to amend the complaint in that action to include GPA as well. Both motions remain pending. The identified allegations are relevant to the issue of who has obligated and expended these funds and, as such, should have been properly verified by a competent attestor. Accordingly, this Court should strike the above identified statement.

---

[12] "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of

Page **10** of **12**
*Respondent's Reply to Opposition to Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 17   Filed 09/11/25   Page 10 of 12

### GPA's Verification of the Writ Petition is Inadequate

The attestation of the Writ Petition is inadequate because GPA's General Manager did <u>not</u> verify that it was based upon his personal knowledge as required by FRE 602 and GRE 602. While GPA has offered to cure the language in the attestation and re-execute the oath [ECF 15 at 13-14], it has not done so. Furthermore, the case cited by GPA in support deals with verifications filed under FRCP 11 and not the Federal Rules of Evidence. The verification is improper as is and should be stricken.

### CONCLUSION

**WHEREFORE,** based on his previously filed Motion to Strike and the arguments made above, Respondent ATTORNEY GENERAL OF GUAM, respectfully requests that this Court properly strike the allegations identified above.

**Respectfully submitted** this 11th day of September, 2025.

        **OFFICE OF THE ATTORNEY GENERAL**
        Douglas B. Moylan, Attorney General of Guam

*W. Lyle Stamps*
**WILLIAM LYLE STAMPS**
Assistant Attorney General

---

the witness' own testimony."
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

Page **11** of **12**
*Respondent's Reply to Opposition to Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 17   Filed 09/11/25   Page 11 of 12

# CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

**MARIANNE WOLOSCHUK**
Gloria B. Nelson, Public Service Bldg.
688 Route 15, Fadian
Mangilao, Guam 96913
Tel: (671) 648-3227
Fax: (671) 648-3290
E-Mail: mwoloschuk@gpagwa.com
Counsel for Petitioner Guam Power Authority

**OFFICE OF THE ATTORNEY GENERAL**
Douglas B. Moylan, Attorney General of Guam

*W. Lyle Stamps*
_____
**WILLIAM LYLE STAMPS**
Assistant Attorney General

Page **12** of **12**
*Respondent's Reply to Opposition to Motion to Strike and Memorandum of Law*
District Court of Guam Case No. CV25-00029

Case 1:25-cv-00029   Document 17   Filed 09/11/25   Page 12 of 12