

# District Court of Guam

4TH FLOOR, U.S. COURTHOUSE
520 WEST SOLEDAD AVENUE
HAGÅTÑA, GUAM 96910
Telephone: (671) 969-4500; Facsimile: (671) 969-4488
www.gud.uscourts.gov

**Jeanne G. Quinata**
Clerk of Court

August 4, 2026

**VIA E-MAIL:** efilecivil@guamcourts.org
**and FIRST CLASS MAIL**

Janice M. Camacho-Perez
Clerk of Court
Superior Court of Guam
Guam Judicial Center
120 West O'Brien Drive
Hagåtña, Guam 96910-5174

> ***Guam Power Authority v. Douglas B. Moylan, Attorney General of Guam***
> District Court of Guam Civil Case No. 25-00029
> Superior Court of Guam Special Proceedings Case No. SP0089-25

Hafa Adai Ms. Camacho-Perez:

Attached is an Order issued by Designated Judge John C. Coughenour today, August 4, 2026, remanding the above-referenced case back to the Superior Court of Guam.

If you have any questions, please contact the Clerk's Office by phone at (671) 969-4500 or by email at clerks@gud.uscourts.gov.

Sincerely,

Vanessa R. Santos-Pinkney
Deputy Clerk

Enclosure

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

GUAM POWER AUTHORITY,

Petitioner,

v.

DOUGLAS B. MOYLAN, Attorney General
of Guam, in his official capacity

Respondent.

CIVIL CASE NO. 25-00029

ORDER

This matter comes before the Court on the Guam Power Authority's ("GPA's") motion to remand (Dkt. No. 7), which the Court GRANTS, and the Attorney General's ("AG's") motion to strike (Dkt. No. 10), which the Court DENIES, for the reasons described herein. This moots the remaining motions in this matter (Dkt. Nos. 8, 20, 23), which the Court will not consider further.

This case is one in a series of assigned matters addressing the boundaries of the Attorney General's 5 GCA § 5150 procurement review authority, as it relates to the Mangilao Medical Campus ("MMC") Project. *See, e.g., Guam v. Moylan*, Civil Case No. 24-0029 (D. Guam 2024); *In re Guerrero*, Civil Case No. 25-0041 (D. Guam 2025); *In re Guerrero*, Civil Case No. 26-0006 (D. Guam 2026). Here, GPA sought a writ of mandate from the Guam Superior Court, commanding the AG to assign conflict-free counsel for the AG's § 5150 review of GPA's MMC-related procurements. (*See generally* Dkt. No. 1-2.) The AG removed the matter here, citing 28 U.S.C. §§ 1331, 1441, and 1442. (Dkt. No. 4.)

ORDER
CIVIL CASE NO. 25-00029
PAGE - 1

In moving to remand, (Dkt. No. 7), GPA argues, amongst other things,[1] that this is a case addressing a state law matter and that the AG is not a federal officer (at least for removal purposes here), stripping him of § 1441 and/or § 1442 removal authority. (Dkt. No. 7-1 at 9–12.) The Court agrees. As previously indicated, the AG is not a federal officer for purposes of this dispute which solely involves matters of local policy (even to the extent it implicates the Organic Act). *See, e.g., In re Guerrero*, Civil Case No. 25-0041, Dkt. No. 28 at 3 (D. Guam 2026) (citing *L. Offices of Phillips and Bordallo, P.C. v. Guerrero*, 2023 WL 5075374, slip op. at 4 (D. Guam Aug. 9, 2023); *Hueter v. Kruse*, 576 F. Supp. 3d 743, 777–78 (D. Haw. 2021)). Thus, this matter does not satisfy 28 U.S.C. §§ 1441 or 1442 and remand is required.

In reaching this decision, the Court did not consider certain of GPA's factual allegations which the AG now takes issue with. (*See* Dkt. No. 10 at 3–5.) Thus, the AG's motion to strike (*id.*) is moot.

For the reasons described above, the Court GRANTS GPA's motion to remand (Dkt. No. 7),[2] DENIES as moot all remaining motions (Dkt. Nos. 8, 10, 20, 23), and DIRECTS the Clerk to remand this case to the Guam Superior Court.

It is so ORDERED this 4th day of August 2026.

I hereby certify, that the annexed instrument is a true copy of the original on file in my office.
ATTEST: CLERK Of COURT
District Court of Guam
Territory of Guam

By: _____
Deputy Clerk

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] GPA further notes that § 1331 jurisdiction is inapt because this case is a state law matter that does not satisfy the arising under standard established in *Grable & Sons Metal Products, Inc. v. Darue Engr. & Mfg.*, 545 U.S. 308, 315 (2005). (*See* Dkt. No. 7-1 at 7) (citing, *e.g., Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700 (2006)). Again, the Court agrees.

[2] The Court DECLINES to award attorney fees pursuant to 28 U.S.C. § 1447(c).

ORDER
CIVIL CASE NO. 25-00029
PAGE - 2